HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A/ GPS LOCKBOX <br><br> Defendants. | CASE NO. 2:20-cv-00428-RAJ <br><br> ORDER |

## I.     INTRODUCTION

This matter comes before the Court on Defendant's motion for 5-week continuance for each of the upcoming due dates set forth in the Court's Order Setting Patent Case Schedule (Dkt. # 20). Dkt. # 21. Plaintiff National Products Inc. ("Plaintiff") opposes a continuance. Dkt. # 22.

## II.     BACKGROUND

Defendant Innovative Intelligent Products, LLC, D/B/A GPS Lockbox ("GPS Lockbox" or "Defendant") filed this motion on July 30, 2020 for a continuance due to the injury of one of its two principals, Jack Dovey, who is the only principal who resides near

ORDER- 1

Seattle. Dkt. # 21. On July 8, 2020, Mr. Dovey suffered a broken femur following a bicycle accident. Dkt. # 21-3 at 2. The next day, he underwent surgery in which one nail and three screws were implanted into his femur. Dkt. # 21-4 at 2. Mr. Dovey is 65 years old, and his doctor estimated that it would take approximately eight weeks[1] for Mr. Dovey "to participate fully in the preparation of the defense of this lawsuit." Dkt. # 21 at 5. His doctor told him "not to do anything" until at least August 18, 2020, when Mr. Dovey has his next doctor appointment. *Id.* Defendant alleges that Mr. Dovey's injury requires "strong pain medication that compromises [his] mental acuity and physical strength and means that he must rest most of the day." Dkt. # 24 at 4.

Defendant claims that Mr. Dovey's assistance to counsel is essential because he is the only person in the company with the requisite industry knowledge *and* geographic proximity to support litigation. Dkt. # 21 at 6. Specifically, Defendant's counsel contends that "Mr. Dovey's in-person presence has been critical for GPS Lockbox' attorneys to learn about both the accused products and NPI's products, including that he's been needed for in-person, hands-on explanation of the numerous devices at issue in this lawsuit and . . . understanding the approximately 17 bankers boxes of hard copy documents at GPS Lockbox' offices, including determining which may be responsive versus non-responsive to NPI's requests for production of documents." Dkt. # 24 at 5. Defendant explains that the other principal of GPS Lockbox, Joe Todrzak, is "geographically unavailable for most purposes" because he is based in Southern California, and that requiring him to step in for Mr. Dovey would significantly affect company operations. Dkt. # 21 at 6-7.

---

[1] Defendant had initially requested an eight-week continuance, but reduced it to five weeks "because of [Plaintiff's] lack of cooperation." Dkt. # 21 at 5. Mr. Dovey still prefers an eight-week continuance to obviate the need to ask for another continuance if necessary as a result of the injury. *Id.* at 6.

On July 9, 2020 Defendant advised Plaintiff of Mr. Dovey's injury and upcoming surgery. *Id.* at 7.  On July 13, Defendant advised Plaintiff that Mr. Dovey's injury would affect Defendant's ability to respond to outstanding discovery. *Id.*  The parties met and conferred on July 20, but failed to reach an agreement on an extension. *Id.*  Defendant subsequently filed this motion to continue each of the upcoming due dates set forth in the Court's Order Setting Patent Case Schedule, issued on June 25, 2020 (Dkt. # 20). Plaintiff objected to the motion, arguing that Defendant has failed to show diligence or good cause, and that Plaintiff will be prejudiced by the delay.  Dkt. # 22.  The Court will consider these objections below.

### III.   DISCUSSION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a case schedule "may be modified only for good cause and with the judge's consent."  The standard for "good cause" focuses primarily "on the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See* Fed. R. Civ. P. 16 advisory committee's notes (1983 Amendment) ("[T]he" court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

The Court finds good cause to continue the due dates set forth in the case schedule by five weeks to allow Mr. Dovey time to recover from his injury.  While this Court normally prefers to adhere to a case schedule, in this circumstance the Court recognizes that an injury to the primary principal supporting litigation in this patent infringement case presents a significant challenge in moving forward on the prior schedule, despite Defendant's utmost diligence.

Furthermore, the case is still relatively new, with an amended complaint filed less than four months ago (Dkt. # 14), and Plaintiff has not established prejudice it will suffer by a five-week continuance.  Plaintiff alleges it faces "the real *prospect* of irreparable

harm from lost market share from delayed resolution of this case while [Defendant] continues to sell infringing products." Dkt. # 22 at 5. This contention is problematic for several reasons: (1) the suspicion of harm is insufficient to meet the irreparable harm standard; (2) Plaintiff fails to support any allegation of harm with specific facts; and (3) Plaintiff fails to explain how a five-week extension will cause "irreparable harm" at this early stage of discovery when *Markman* briefings will not be considered for at least five and a half months. Dkt. # 20. In the absence of any facts establishing prejudice, this Court finds good cause to continue this trial.

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion for a five-week continuance for each of the upcoming due dates set forth in the Court's Order Setting Patent Case Schedule (Dkt. # 20). Dkt. # 21. The Clerk will issue a new case schedule consistent with this Order.

Dated this 13th day of August, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge