HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL PRODUCTS INC.,

Plaintiff,

v.

INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A/ GPS LOCKBOX

Defendant.

CASE NO. 2:20-cv-00428-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant's emergency motion for a continuance of all outstanding court due dates in this case for 180 days due to the passing of one of Defendant's two principals. Dkt. # 51. Plaintiff National Products Inc. ("Plaintiff") opposes a continuance. Dkt. # 54.

## II. LEGAL STANDARD

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a case schedule "may be modified only for good cause and with the judge's consent." The standard for "good cause" focuses primarily "on the diligence of the party seeking the amendment."

ORDER- 1

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See* Fed. R. Civ. P. 16 advisory committee's notes (1983 Amendment) ("[T]he" court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

### III. DISCUSSION

Late on January 28, 2021 or in the early morning of January 29, 2021, Joseph Todrzak, one of the two principals of Defendant Innovative Intelligent Products, LLC, D/B/A GPS Lockbox ("GPS Lockbox" or "Defendant"), passed away suddenly and unexpectedly. Dkt. # 51 at 1. Mr. Todrzak was the manager of GPS Lockbox, while his partner, Jack Dovey was the point person on this litigation. Dkt. # 21 at 6. On February 4, 2021, Defendant filed this motion for a 180-day continuance of all court due dates. Dkt. # 51.

Defendant argues that a continuance is warranted because "[t]he demands of running GPS Lockbox essentially single-handedly make Mr. Dovey substantially unavailable for litigation purposes for quite some time." *Id.* at 2. Defendant also points to "corporate formalities [that] must be followed" to elect a new company manager and need for the estate to be legally established by the Superior Court as warranting a continuance. *Id.* Additionally, Defendant asserts Mr. Todrzak's widow has a direct interest in Defendant's counterclaim that Mr. Todrzak be named as a co-inventor on one or more of the Patents-in-Suit creates and would need to be brought up to speed on the litigation. *Id.* at 3.

Defendant estimates that a continuance of 180 days is appropriate based on Washington estate and probate law. *Id.* at 7-8. Defendant cites RCW 11.20.010, which provides an executor 40 days to deliver a decedent's will to the appropriate court, and RCW 11.44.015, which provides that a personal representative has 90 days to prepare an inventory of assets. *Id.* at 8. Defendant notes that the COVID-19-related delays may add

ORDER- 2

a week or two for the appointment of a personal representative. *Id.* Defendant estimates that the statutes would require about 135 days. *Id.* Defendant adds 45 days as a "buffer in case there are unexpected difficulties or something else arises." *Id.*

Plaintiff opposes the request, claiming there is no good cause to warrant such a continuance and that Plaintiff would suffer "severe prejudice" in addition to the "irreparable harm [Defendant's] sales of infringing products have already caused [Plaintiff] to suffer." Dkt. # 54 at 4. Plaintiff claims that it is losing sales to Defendant's allegedly infringing products that directly compete with its own and is incurring "the damage of lost follow-on sales generated from established business relationships." *Id.* at 6-7. Plaintiff asserts that it has documented more than 10 examples of actual lost sales valued in the millions of dollars of its products to Defendant and its allegedly infringing products. *Id.* at 6. Moreover, Plaintiff claims that probate proceedings do not provide good cause for a continuance because "there is no connection between the separate decisions" and they can proceed in parallel. *Id.* at 9-10.

Having considered the arguments raised by the parties, the Court finds good cause to continue the due dates set forth in the case schedule by 120 days. While this Court normally prefers to adhere to a case schedule, in this circumstance the Court recognizes that a death of one of Defendant's two principals presents a significant challenge in moving forward on the prior schedule, despite Defendant's utmost diligence. With appropriate diligence, 120 days should be sufficient for Defendant to meet case deadlines, while limiting prejudice to Plaintiff to the extent possible.

/ / /

/ / /

/ / /

/ / /

ORDER- 3

## IV. CONCLUSION

For the reasons above, the Court **GRANTS in part** Defendant's emergency motion for a continuance. All outstanding court due dates in this case are extended by 120 days. The Clerk will issue a new case schedule consistent with this Order.

Dated this 23rd day of February, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge