HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL PRODUCTS INC.,

    Plaintiff,

v.

INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A/ GPS LOCKBOX

    Defendant.

CASE NO. 2:20-cv-00428-RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Defendant's Motion to Stay Pending Resolution of *Inter Partes* Reviews by U.S. Patent and Trademark Office. Dkt. # 60. Plaintiff opposes the motion. Dkt. # 64. For the reasons below, the Court **DENIES** the motion.

## II.    BACKGROUND

Plaintiff National Products Inc. ("NPI" or "Plaintiff") filed a complaint with the Court on March 20, 2020—over a year ago—asserting infringement of two patents against Defendant Innovative Intelligent Products d/b/a GPS Lockbox ("GPS Lockbox"

or "Defendant"). Dkt. # 1. A month later, Plaintiff filed an amended complaint adding infringement allegations involving a third patent. Dkt. # 14. Six months after that, on November 11, 2020, Plaintiff filed a second amended complaint adding infringement allegations involving a fourth patent. Dkt. # 43.

On July 30, 2020, Defendant moved to continue the case for five weeks due to the serious leg injury of one of its two principals. Dkt. # 21. Plaintiff opposed this motion. Dkt. # 22. The Court granted the continuance. Dkt. # 25. On February 4, 2021, Defendant filed an emergency motion for a continuance of all outstanding court due dates for 180 days due to the passing of one of Defendant's two principals. *See* Dkt. # 51. Plaintiff again opposed the motion. Dkt. # 54. The Court granted a continuance for 120 days. *See* Dkt. # 57. The Court issued a new case schedule, which, it noted, could only be altered by the Court upon a showing of good cause. *See* Dkt. # 58.

On March 19, 2021, before the continuance terminated, Defendant filed two petitions for *inter partes* review ("IPR petitions") with the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office. Dkt. # 60 at 4. Through the petitions, Defendant seeks to invalidate all of Plaintiff NPI's asserted claims involving US Patent No. 9,706,026 ("'026") and Patent No. 10,454,515 ("'515"). *Id.* On April 20, 2021, Defendant filed a third IPR petition seeking to invalidate all of Plaintiff's asserted claims involving US Patent No. 10,630,334 ("'334"). *Id.* Two weeks later, Defendant filed the pending motion before this Court, requesting a stay of the case pending resolution of the IPR petitions regarding three out of the four patents-in-suit. Dkt. # 60 at 4.

### III. DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion extends to ordering a stay pending conclusion of an *inter partes* reexamination.

*See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). In determining whether a stay is appropriate, a court considers three factors: (1) whether a stay will simplify the issues before it; (1) the stage of proceedings; and (3) whether a stay will prejudice the nonmoving party. *Nat'l Prod., Inc. v. Gamber-Johnson LLC*, No. 2:12-CV-00840, 2012 WL 3527938, at *1 (W.D. Wash. Aug. 14, 2012).

Defendant contends that all three factors weigh in favor of a stay. Specifically, Defendant claims that a litigation stay would "save significant party and court resources" because if successful, the IPR petitions could invalidate all patent claims in three of the patents in dispute and eliminate all of Plaintiff's causes of action under those patents. Dkt. # 60 at 6. Defendant notes that approach "is routinely granted in situations such as the current case, where little discovery has occurred and Markman procedures have not begun." *Id.* at 4. Defendant further asserts that that it is "not aware of any harm or prejudice to either party from the requested stay" because the case is still at early stages and "no significant action has taken place" since the continuance was ordered. *Id.* at 5.

Plaintiff opposes the motion. *See* Dkt. # 64 at 8. Plaintiff contends that a stay will not simplify the issues before this Court because the PTAB has not yet granted review the IPR petitions filed by Defendant, therefore rendering the motion premature. *Id.* Even if the IPR petitions are granted review, Plaintiff notes that the petitions only address three of the four patents at issue here, leaving allegations of infringement of a fourth patent unresolved. *Id.* at 11. Plaintiff next argues that "litigation is sufficiently advanced" and significant resources have been spent in preparation for "contentions, claim construction, and document production." *Id.* at 12-13. Finally, Plaintiff contends that it would be unduly prejudiced because Defendant will continue to sell its allegedly infringing products that compete with Plaintiff's products for a prolonged period. *Id.* at 13.

The Court agrees with Plaintiff's analysis and finds that the factors do not weigh in favor of a stay. With respect to the first factor, the Court cannot conclude that a stay

will simplify the issues before it because the PTAB has not yet decided whether it will even institute *inter partes* review on any grounds raised by Defendant in any of its petitions. Without knowing whether the PTAB will institute the requested reviews, the Court, consistent with other courts deciding such motions under the same timeframe, finds the request to be premature. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 3943058, at *6 (D. Del. Aug. 21, 2019) (collecting cases) (noting that a request for a stay preceding an IPR petition institution decision would have been premature, "as courts almost invariably deny requests for stays pending IPR proceedings when the stay requests are filed before the IPR is instituted, and a pre-institution request therefore would have been futile"); *see also Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-CV-410-SI, 2016 WL 3844209, at *4 (D. Or. July 15, 2016) (noting that a majority of courts "deny a motion to stay as premature if the PTO has not yet granted a petition for review"); *Cascade Designs Inc. v. Thunder Box Inc.*, No. 2:15-cv-00987-MJP, slip op. (W.D. Wash. Aug. 30, 2016) (Dkt. No. 44) (same). Moreover, because only three of the four patents in dispute are involved in the IPR petitions, the Court will still have to go through all steps of patent litigation, and the parties will be subject to the same burden of discovery. *See* 2012 WL 3527938, at *2 (noting that even a reduced number of patents at issue would create a burden that "would seriously undermine the purpose of granting a stay because the Court and both parties would still incur many of the same costs"). This factor does not weigh in favor of a stay.

With respect to the second factor, the Court agrees with Plaintiff that litigation has sufficiently advanced to weigh slightly against a stay. Under the Amended Patent Case Schedule—issued pursuant to Defendant's request for a continuance—the parties were scheduled to exchange additional proposed terms for construction, develop preliminary claim charts, and exchange preliminary claim constructions and extrinsic evidence on June 3, 2021, less than a month after the motion to stay was filed. *See* Dkt. ## 58, 60.

*Markman* briefing is scheduled to be completed within four months. The case is not "in its infancy," Dkt. # 60 at 9, as asserted by Defendant. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1373 (Fed. Cir. 2014)*, vacated,* 780 F.3d 1134 (Fed. Cir. 2015) (describing a case as "in its infancy" based, in part, on the fact that the *Markman* hearings were two years away and the parties had not exchanged claim terms or proposed constructions). Because discovery has not significantly advanced and continuances have limited proceedings, however, the Court finds that this factor does not weigh heavily against a stay.

Finally, with the respect to the third factor, the Court finds that Plaintiff may suffer to an extent if it is precluded from litigating this case in a timely fashion and is therefore subject to prolonged competition with Defendant. *See* 2012 WL 3527938, at *2 (finding "that there is a reasonable chance that the alleged infringement would lead to a loss in market share and erosion of goodwill"). Having considered Defendant's argument regarding the actual effects of the allegedly competing products, the Court still finds this factor weighs against a stay. Although the Court finds that the second and third factor do not weigh heavily against a stay, the Court does not find any factor to weigh in favor of a stay. The Court finds the request to be premature and denies a stay as unwarranted at this time.

### IV. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion for Stay Pending *Inter Partes* Reviews by U.S. Patent and Trademark Office. Dkt. # 60.

Dated this the 25th day of June, 2021.

The Honorable Richard A. Jones
United States District Judge