UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A/ GPS LOCKBOX <br><br> Defendant. | CASE NO. 2:20-cv-00428-RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion for Protective Order with Prosecution Bar Provisions. Dkt. # 27. Plaintiff opposes the motion. Dkt. # 28. For the reasons below, the Court **DENIES** the motion.

## II. BACKGROUND

Plaintiff National Products Inc. ("NPI" or "Plaintiff") filed suit against Defendant Innovative Intelligent Products, LLC d/b/a/ GPS Lockbox ("GPS Lockbox" or "Defendant"), alleging four patent infringement claims involving electronic device cases and docking cradles. Dkt. # 43 at 2. After engaging in a meet and confer, the parties

agreed to a protective order based on the Model Stipulated Protective Order form for this district. Dkt. # 27 at 4. However, the parties were unable to agree on whether to include prosecution bar provisions that would preclude Plaintiff's attorneys who review "attorney's eyes only" information from using such information in patent prosecution for Plaintiff. *Id.* at 4-5. The dispute surrounds the following provisions:

> 4.5     Disclosure of "ATTORNEYS' EYES ONLY – PROSECUTION BAR" Information or Items.
> Attorneys Eyes' Only – prosecution bar documents and information is limited to (a) technical information concerning GPS Lockbox products currently being developed by GPS Lockbox but neither the product nor its technical details have been released or are otherwise publicly available, and (b) any information in the nature of trade secrets pertaining to any products of GPS Lockbox (regardless of whether previously released or not released to the public) that was obtained through production by the designating party and that is not readily ascertainable by inspection of publicly-available GPS products.
> . . .
> 7.     PROSECUTION BAR
> Absent written consent from the producing party, any individual who receives access to "Attorneys' Eyes Only – prosecution bar" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of this action, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting or, amending, advising, or otherwise affecting the scope or maintenance of patent claims, and includes, for example, original prosecution, reissue and reexamination proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency that does not involve amendment of the claims at issue (including, but not limited to, a reissue protest, *ex parte* reexamination or an *inter partes* review). This prosecution bar shall begin when access to "Attorneys' Eyes Only – prosecution bar" information is first received by the affected individual and shall end at the earlier of two (2) years after final termination of this action or when the GPS Lockbox products or technical details about the GPS Lockbox product become publicly available.

*Id.* at 5.

Defendant argues that such language is necessary because Plaintiff's pending discovery requests seek information that "constitutes confidential or trade secret information . . . including still-confidential GPS Lockbox products." *Id.* at 7. Defendant contends that "the potential injury to GPS Lockbox that could result from the disclosure of its confidential or trade secret product-related technical information greatly outweighs the minimal inconvenience to NPI." Dkt. # 27 at 11. Plaintiff disagrees, arguing, *inter alia*, that a prosecution bar is unwarranted under the circumstances and would unfairly burden Plaintiff. Dkt. # 28 at 4-5.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause and with a showing that the parties have conferred in good faith, issue a protective order. Fed. R. Civ. P. 26(c)(1). To establish good cause for a protective order Rule 26(c), "[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102, (1981). The "determination of whether a protective order should include a patent prosecution bar is a matter governed by Federal Circuit law." *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). "The scope of protective orders seeking to limit access to attorneys to confidential information is governed by the principles" articulated in *U.S. Steel Corp. v. United States,* 730 F.2d 1465 (Fed.Cir.1984) and later in *Deutsche Bank. Avocent Redmond Corp. v. Rose Elecs., Inc.*, 242 F.R.D. 574, 577 (W.D. Wash. 2007). Defendant, as the party seeking a prosecution bar, carries the burden of showing good cause for issuing a protective order with a prosecution bar. 605 F.3d at 1378.

Protective orders usually include provisions indicating that specific confidential information may be used only for purposes of current litigation. *Id*. Under certain circumstances, however, courts have recognized that "even the most rigorous efforts of

the recipient of such information to preserve confidentiality in compliance with the provisions of such a protective order may not prevent inadvertent compromise." *Id.* The Federal Circuit in *Deutsche Bank* stated that "[w]hether an unacceptable opportunity for inadvertent disclosure exists . . . must be determined . . . by the facts on a counsel-by-counsel basis." *Id.* (internal quotations and citation omitted). Such a determination, the court held, is based "on the extent to which counsel is involved in competitive decisionmaking with its client." *Id.*

Here, Plaintiff argues that a prosecution bar is unwarranted for several reasons: (1) the Court's Model Protective Order already provides adequate protection of confidential information; (2) Defendant has not identified any particular information that presents a significant risk of inadvertent disclosure; (3) Plaintiff's counsel are not competitive decisionmakers for Plaintiff; and (4) a prosecution bar unfairly burdens Plaintiff. Dkt. # 28 at 4-5. With respect to the first reason, Plaintiff cites the provision on access to and use of confidential material in the district court's Model Protective Order, which states that "[a] receiving party may use Confidential material and Attorneys' Eyes Only material that is disclosed or produced . . . in connection with this case only for prosecuting, defending, or attempting to settle this litigation." W.D. Wash. Model Protective Order, 4.1; Dkt. No. 27-1, § 4.1. Based on this provision, Plaintiff argues, Plaintiff's counsel is already barred from using any confidential information for any purposes other than this litigation. Dkt. # 28 at 10. The Court agrees.

In determining whether a prosecution bar is proper, the Federal Circuit has noted that protective order provisions "specifying that designated confidential information may be used only for purposes of the current litigation" are "generally accepted as an effective way of protecting sensitive information while granting trial counsel limited access to it for purposes of the litigation." 605 F.3d at 1378. A prosecution bar may be imposed under specific circumstances under which "inadvertent compromise" cannot be prevented

despite "the most rigorous efforts of the recipient of such information to preserve confidentiality in compliance with the provisions of such a protective order." *Id.* The Court does not find such circumstances exist here.

In fact, Plaintiff has separate representation for patent prosecution and for this litigation. *Id.* at 8. The law firm of Fenwick & West LLP represents Plaintiff in this litigation and does not prosecute patents for Plaintiff nor represent Plaintiff in reexamination, reissue, or original prosecution proceedings as the United States Patent and Trademark Office ("USPTO"). *Id.* at 7. Although Fenwick & West LLP attorneys have represented Plaintiff in two *inter partes* review proceedings at the UPTO, the proceedings involved an unrelated patent. *Id.* at 8. The law firm of Lowe Graham Jones PLLC represents plaintiff in patent prosecution matters and does not represent Plaintiff in this litigation. *Id.* at 8. This separate representation diminishes the risk of inadvertent disclosure. *See* 605 F.3d at 1379 (nothing that "[t]he concern over inadvertent disclosure manifests itself in patent infringement cases when trial counsel also represent the same client in prosecuting patent applications before the PTO").

Furthermore, Defendant provides no persuasive evidence that Plaintiff's patent litigators are competitive decisionmakers for Plaintiff. The Federal Circuit initially defined competitive decisionmaking accordingly:

> [S]horthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.

*U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). Subsequent opinions have since acknowledged a broader list of activities that might implicate competitive decisionmaking. *Id.* Such activities include the following:

> [O]btaining disclosure materials for new inventions and inventions under development, investigating prior art relating to those inventions, making strategic

decisions on the type and scope of patent protection that might be available or worth pursuing for such inventions, writing, reviewing, or approving new applications or continuations-in-part of applications to cover those inventions, or strategically amending or surrendering claim scope during prosecution.

605 F.3d at 1380.

Defendant's argument that Plaintiff's lead litigation attorney, Mr. Tellekson, is a competitive decisionmaker for Plaintiff because he "is occasionally involved in high-level legal discussions that sometimes touch on patent prosecution" and has represented Plaintiff in two previous and unrelated *inter partes* review proceedings is unconvincing. Dkt. # 29 at 7 (citing Dkt. # 28 at 2). Defendant does not provide any specific facts demonstrating that Mr. Tellekson or any other attorney representing Plaintiff in this litigation participate in Plaintiff's pricing or product decision or are involved in other activities that render them competitive decisionmakers. *See U.S. Steel Corp.*, 730 F.2d at 1468 (holding that "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party . . . must govern any concern for inadvertent or accidental disclosure"). Indeed, high level legal discussions and unrelated *inter partes* review proceedings do not constitute competitive decisionmaking, as defined in *Deutsche Bank*, nor present a threat that confidential information will be misused in the absence of a prosecution bar. *See Avocent Redmond Corp. v. Rose Elecs., Inc.*, 242 F.R.D. 574, 579 (W.D. Wash. 2007) (holding that the court "is unwilling to preclude lawyers from litigating here or in front of the patent office on a vague and generalized threat of future inadvertent misuse of discovered materials").

Finding that the protective order agreed upon by both parties provides sufficient protection of confidential information at issue and in the absence of evidence that Plaintiff's patent litigators are competitive decisionmakers, the Court denies Defendant's request that the Court enter a prosecution bar provision in the protective order. The Court

finds that Defendant has failed to establish good cause for a prosecution bar provision under Rule 26(c).

## IV. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion for Protective Order with Prosecution Bar Provisions. Dkt. # 27.

Dated this 29th day of June, 2021.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge