1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

| | |
|---|---|
| NATIONAL PRODUCTS INC, | CASE NO. 2:20-cv-00428-DGE |
| Plaintiff, | ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS |
| v. | |
| INNOVATIVE INTELLIGENT PRODUCTS LLC d/b/a GPS LOCKBOX, | |
| Defendant. | |

11
12
13
14
15
16
17

     This matter comes before the Court on Plaintiff's motion to dismiss Defendant's unfair competition counterclaim pursuant to the Washington Consumer Protection Act ("CPA") and to dismiss Defendant's counterclaims of personal liability as to the founder and Chief Executive Officer of National Products, Inc. ("NPI"), Jeffrey Carnevali.  (Dkt. No. 82.)

     Having considered Plaintiff's motion, Defendant's Response, Plaintiff's reply, the exhibits and declarations attached thereto, and the remainder of the record, the Court GRANTS Plaintiff's motion.

18
19
20
21
22
23
24

ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2020, Plaintiff, a designer and manufacturer of docking cradles and protective cover products, filed a complaint in this court alleging that Defendant's products infringed upon two of its patents (the '026 and '515 patents), both titled "Docking Sleeve with Electrical Adapter" and describing a "protective arrangement for an electronic device" and a "fixedly positioned" adapter having a "male plug" that can mate with the "female socket of the device." (Dkt. Nos. 1, 1-1, 1-2.)  Plaintiff amended its complaint to allege infringement of two additional patents (the '334 and '309 patents).  (Dkt. Nos. 14, 14-3, 43, 48-1.)

Defendant filed several answers to Plaintiff's amended complaint, ultimately asserting a range of affirmative defenses and counterclaims. (Dkt. Nos. 16, 18, 34, 35, 38.)

On October 25, 2021, the Honorable Richard A. Jones issued an order granting in part and denying in part Plaintiff's motion to dismiss several of Defendant's counterclaims and to strike certain affirmative defenses.  (Dkt. No. 76.)  Among other things, Judge Jones found Defendant's counterclaim for unfair competition under Washington's Consumer Protection Act ("CPA") appeared to be preempted by federal patent law.  Nonetheless, he dismissed the CPA claim without prejudice and granted Defendant leave to amend its complaint because Plaintiff did not invoke preemption as a basis for dismissal.  (*Id*. at 14-15.)  In so doing, Judge Jones reminded Defendant and its attorneys of their obligations under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.  (*Id*. at 15.)

Judge Jones also found that the record contained no indication that Defendant's third party claims against Mr. Carnevali had been properly served, and that no attorney had appeared on Mr. Carnevali's behalf.  (*Id*. at 21.)  Judge Jones saw no purpose in addressing Defendant's claims against Mr. Carnevali until Defendant took the steps necessary to properly join Carnevali.

ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 2

1  However, he noted that NPI is the real party in interest regarding the patents-in-suit because the

2  patents-in-suit were assigned to NPI.  Mr. Carnevali, therefore, was not a necessary party to

3  Defendant's inequitable conduct counterclaims.  (*Id.*)  Mr. Carnevali was added as a party to this

4  action and is represented by counsel.  (Dkt. No. 80.)

5       On November 22, 2021, Plaintiff filed the instant motion to dismiss Defendant's CPA

6  unfair competition counterclaim and to dismiss Defendant's personal liability counterclaims

7  against Mr. Carnevali.  (Dkt. No. 82.)

8                    **II.       LEGAL STANDARD**

9       A complaint must contain a "short and plain statement of the claim showing that the

10 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss under Rule 12(b)(6)

11 of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual

12 allegations accepted as true, fails to "raise a right to relief above the speculative level."  *Bell Atl.*

13 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Mere conclusory statements in a complaint and

14 "formulaic recitation[s] of the elements of a cause of action" are not sufficient.  (*Id.*)  "Dismissal

15 can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

16 under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

17 1988) (citation omitted).

18      When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

19 Court accepts all facts alleged in the complaint as true and makes all inferences in the light most

20 favorable to the non-moving party.  *Baker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824

21 (9th Cir. 2009).  However, the court is not required to accept as true a "legal conclusion couched

22 as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "must

23 contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

24

ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 3

1    face." (*Id.* at 678.)  This requirement is met when the plaintiff "pleads factual content that allows

2    the court to draw the reasonable inference that the defendant is liable for the misconduct

3    alleged." *Id.*  The complaint need not include detailed allegations, but it must have "more than

4    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

5    do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  Absent facial plausibility, a

6    plaintiff's claims must be dismissed.  (*Id.* at 570.)

7

8                                  **III.    DISCUSSION**

     **A.    Washington CPA.**

9

     **1. Defendant Asks the Court to Reconsider Judge Jones' Ruling Dismissing CPA**
10       **Claim.**

11        In its motion for leave to amend, Defendant "respectfully request[ed] reconsideration" of

12   Judge Jones' order (Dkt. No. 76) dismissing its CPA counterclaim, arguing that Judge Jones

13   incorrectly stated the law concerning federal preemption.  (Dkt. No. 79 at 12-13.)  Defendant

14   argues Judge Jones erred because federal patent law preempts liability for state tort law only if

15   the patents are asserted in good faith.  (*Id.*)  Defendant further argued that Judge Jones' reliance

16   on *Milo & Gabby*, 12 F. Supp. 3d 1341 (W.D. Wash. 2014), was misplaced because: 1) there was

17   no allegation that the patent at issue in *Milo* was asserted in bad faith; and 2) *Milo* relied on

18   Ninth Circuit preemption authority, while the Federal Circuit has held that preemption of state

19   tort law by federal patent law is properly decided under Federal Circuit authority.  (*Id.*)

20   Defendant made an identical assertion in its response to Plaintiff's motion to dismiss.  (Dkt. No.

21   84 at 6.)

22        Defendant denies that these contentions constitute a motion for reconsideration.  (Dkt.

23   No. 83 at 6.)  However, given Defendant's explicit language requesting reconsideration of Judge

24

ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 4

1    Jones' findings, the Court will construe these contentions as a motion for reconsideration

2    pursuant to Local Civil Rule 7(h).

3           Under the Local Civil Rules, motions for reconsideration are disfavored, and the Court

4    will ordinarily deny such motions in the absence of a showing of manifest error in the prior

5    ruling or a showing of new facts or legal authority which could not have been brought to its

6    attention earlier with reasonable diligence.  LCR 7(h)(1).  Accordingly, it is under this rubric that

7    the Court will review Defendant's CPA counterclaim.

8          **2.   Defendant's CPA Counterclaim Is Based On Same Facts Asserted In Patent Law**
                 **Claims.**

9

10          Washington's CPA makes unlawful "[u]nfair methods of competition and unfair or

11   deceptive acts or practices in the conduct of any trade or commerce ...." *Milo & Gabby, LLC v.*

12   *Amazon.com Inc.*, 12 F. Supp. 3d at 1346 (citing Wash. Rev. Code § 19.86.020).  To sustain an

13   unfair competition action under the CPA, a claimant must demonstrate: (1) an unfair or deceptive

14   act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4)

15   causing an injury to the plaintiff's business or property; with (5) a causal link between the unfair

16   or deceptive act and the injury suffered.  *Nat'l Products, Inc. v. Gamber–Johnson LLC*, 699

17   F.Supp.2d 1232, 1242 (W.D.Wash.2010) (citing *Dewitt Const. Inc. v. Charter Oak Fire Ins. Co.*,

18   307 F.3d 1127, 1132 (9th Cir.2002)).

19          A CPA claim is preempted when it merely restates claims that are or could be brought

20   under federal patent law.  *Milo & Gabby* at 1347 (citing *G.S. Rasmussen & Associates, Inc. v.*

21   *Kalitta Flying Service, Inc.*, 958 F.2d 896, 904 (9th Cir.1992)) (patent law "establishes a zone of

22   preemption broader than that of copyright law: Even if Congress has left an area unprotected, the

23   fact that patent law *could* reach it preempts state-law protection.").  Moreover, claims that are

24   predicated on no more than bad faith misconduct or fraud before the Patent and Trademark

ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 5

1  Office ("PTO") or that are identical in scope to an inequitable conduct defense are preempted by

2  federal patent law.  *Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, 204 F.3d 1368, 1382

3  (Fed. Cir. 2000).

4      Judge Jones previously found that Defendant's prior pleading did not set forth subject

5  matter for the CPA claim that was outside the realm of patent law.  (Dkt. No. 76 at 14-15.)

6  Despite this, Judge Jones noted that Plaintiff did not invoke preemption as a basis for dismissal

7  in its initial motion to dismiss and granted Defendant leave to amend.  (*Id.* at 15.)  Plaintiff's

8  motion now explicitly invokes federal preemption as a basis for dismissal.  (Dkt. No. 82 at 4-7.)

9      Defendant's amended unfair competition CPA counterclaim is like the claim previously

10  analyzed by Judge Jones.  Now, however, it contains additional language concerning inequitable

11  conduct, bad faith assertion of patents, and mis-identifying products.  (Compare Dkt. No. 38 at

12  75-76 with Dkt. No. 78 at 79-81.)  Notwithstanding, Defendant's counterclaims nine through

13  eleven assert the same inequitable conduct asserted under the CPA counterclaim.  (Dkt. No. 78 at

14  42-73.)  Likewise, Defendant's bad faith assertions are found in Plaintiff's affirmative defense of

15  Patent Misuse.  (*Id.* at 14.)  Moreover, its claims related to the misidentification of products are

16  found in the Patent Mismarking counterclaim.  (*Id.* at 73-75.)

17      Accordingly, Defendant's amended CPA counterclaim again fails to forth subject matters

18  outside the realm of patent law.

19  **3.  Formulaic Allegations of Bad Faith Are Insufficient to Support Defendant's
        CPA Counterclaim.**

20
    "State-law claims . . . can survive federal preemption only to the extent that those claims

21
    are based on a showing of 'bad faith' action in asserting infringement."  *Globetrotter Software,*

22
    *Inc. v. Elan Computer Group., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004).  As such, "bad faith

23
    must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort

24

ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 6

1   claim." (*Id.*) (quoting *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1995)).

2   This means that a party "must establish that the claims of infringement were objectively

3   baseless" by "offer[ing] clear and convincing evidence that [a party] *had no reasonable basis* to

4   believe that the [accused infringing device] infringed [the] patents." (*Id*. at 1377.)

5           After incorporating by reference the prior paragraphs of the complaint, Defendant's

6   amended CPA unfair competition counterclaim asserts that Plaintiff's "inequitable conduct", its

7   "bad faith assertion of [the] patents against numerous competitors", and its "actions of mis-

8   identifying products of NPI" not covered by the patents, resulted in "customers [being]

9   deceived" such that competition between the parties is "unfairly impacted". (Dkt. No. 78 at 80.)

10  Such conduct "constitute[s] bad faith assertion of the Patents-in-Suit." (*Id.*). Defendant's

11  formulaic allegations of bad faith, however, do not identify specific facts alleging Plaintiff had

12  "no reasonable basis" to believe any accused infringing device infringed Plaintiff's patents.

13  Without more, allegations of inequitable conduct or of mis-identifying products are insufficient

14  for a state-law claim to survive federal preemption. *See Blue Nile, Inc. v. Ice.com, Inc*., 478 F.

15  Supp. 2d 1240, 1249 (W.D. Wash. 2007) ("The CPA claim is also preempted because despite

16  plaintiff's assertion in its response that the claim contains 'essential elements of deception,

17  misrepresentation, and public interest impact,' this does not change the underlying nature of the

18  action in this case.").

19          In short, Defendant's CPA counterclaim is preempted by federal patent law and

20  Defendant's own patent-related claims and defenses. Therefore, Plaintiff's motion to dismiss

21  Defendant's counterclaim pursuant to the Washington CPA is GRANTED. As a corollary, the

22  Court finds no showing of manifest error sufficient to disturb its earlier conclusion that

23

24

ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 7

1  Defendant's CPA counterclaim is preempted by federal law.  Defendant's motion for

2  reconsideration is DENIED.

3            **B.**          **Counterclaims against Jeffrey Carnevali.**

4            In his order, Judge Jones found NPI, as assignee of the patents-in-suit, is the real party in

5  interest and, therefore, Mr. Carnevali is not a necessary party to Defendant's inequitable conduct

6  counterclaims.  (Dkt. No. 76 at 21) (citing *Delano Farms Co. v. Cal. Table Grape Comm'n*, 655

7  F.3d 1337, 1342 (Fed. Cir. 2011)) (observing that, if a patentee has transferred all substantial

8  rights in a patent to another, for example, an exclusive licensee, then the assignor is no longer

9  regarded as the owner of the patent and need not be joined in any action brought on the patent)).

10  The Court agrees with this prior conclusion.

11            In addition, Plaintiff argues Defendant's attempt to join Mr. Carnevali to this action was

12  untimely under the Court's scheduling order.  (Dkt. No. 82 at 7-8.)  Pursuant to Federal Rule of

13  Civil Procedure 16(b)(4) a schedule may be modified only for good cause and with the Court's

14  consent.  The Court may modify a pretrial schedule "if it cannot reasonably be met despite the

15  diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

16  604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 Advisory Committee Notes for the 1983

17  Amendment).  The Ninth Circuit has stated that "the focus of the inquiry is upon the moving

18  party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should

19  end." (*Id.*)  Allowing parties to disregard the Rule 16 Scheduling Order would "undermine the

20  court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward

21  the indolent and the cavalier." (*Id.* at 610.)

22            On June 25, 2020, pursuant to the parties' joint status report, the Court set initial

23  deadlines in this case, including a deadline of September 22, 2020 for joining additional parties.

24

1   (Dkt. No. 20.)  The Court later extended this deadline at Defendant's request to October 27,

2   2020.  (Dkt. Nos. 21 and 26.)  The schedule was amended two more times. (Dkt. Nos. 33 and

3   58.)  However, the joinder deadline was not extended.  Defendant did not add Mr. Carnevali as a

4   counter-defendant in this case until December 30, 2020.  (Dkt. No. 38.)  Defendant did not

5   provide any explanation for its failure to join Mr. Carnevali to this action before the joinder

6   deadline and did not seek the Court's consent to add Mr. Carnevali as a party.  Rather, it simply

7   added him to this action in his personal capacity more than two months after the joinder deadline

8   passed.

9          Because the joinder was untimely, sought without permission, and involves a party not

10  necessary to the claims at issue, good cause to allow the joinder is absent.  Therefore, Plaintiff's

11  motion to dismiss Defendant's counterclaims nine through fifteen against Mr. Carnevali is

12  GRANTED.

13                                    **IV.    ORDER**

14         Having considered Plaintiff's motion, Defendant's Response, Defendants' Replies, the

15  exhibits and declarations attached thereto, and the remainder of the record, the Court finds and

16  ORDERS:

17         (1) Plaintiff's motion to dismiss Defendant's counterclaim fifteen under the Washington

18             CPA and counterclaims nine through fifteen against Jeffrey Carnevali (Dkt. No. 82) is

19             GRANTED.  These counterclaims are hereby STRICKEN from Defendant's

20             amended complaint and all claims against Mr. Carnevali in his personal capacity are

21             DISMISSED from this action.

22         (2) To the extent Defendant's contentions related to the Washington CPA constitute a

23             motion for reconsideration, that motion is DENIED.

24

1    Dated this 25th day of February, 2022.

2

3

                                           _____
4                                          David G. Estudillo
                                           United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS - 10