UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC, | CASE NO. 2:20-cv-00428-DGE |
| Plaintiff, | ORDER ON DEFENDANT'S |
| v. | MOTION FOR LEAVE TO AMEND FOURTH AMENDED ANSWER |
| INNOVATIVE INTELLIGENT PRODUCTS LLC d/b/a GPS LOCKBOX, | AND COUNTERCLAIMS |
| Defendant. | |

This matter comes before the Court on Defendant Innovative Intelligent Products LLC's (d/b/a "GPS Lockbox") motion to amend its answer and counterclaims to include the affirmative defense of Release.  (Dkt. No. 79.)  Plaintiff, National Products Inc. ("NPI") opposes Defendant's motion.  (Dkt. No. 81.)

Having considered Defendants' motion, Plaintiff's Response, Defendants' Replies, the exhibits and declarations attached thereto, and the remainder of the record, the Court DENIES Defendant's motion and orders that the defense of Release is STRICKEN from Defendant's proposed amended answer.  (Dkt. No. 78.)

ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND FOURTH AMENDED ANSWER AND COUNTERCLAIMS - 1

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

2

On March 20, 2020, Plaintiff, a designer and manufacturer of docking cradles and

3 protective cover products, filed a complaint in this court alleging that Defendant's products

4 infringed upon two of its patents (the '026 and '515 patents), both titled "Docking Sleeve with

5 Electrical Adapter" and describing a "protective arrangement for an electronic device" and a

6 "fixedly positioned" adapter having a "male plug" that can mate with the "female socket of the

7 device."  (Dkt. Nos. 1, 1-1, 1-2.)  Plaintiff amended its complaint to allege infringement of two

8 additional titled patents (the '334 and '309 patents).  (Dkt. Nos. 14, 14-3, 43, 48-1.)

9

Defendant filed several answers to Plaintiff's amended complaint, ultimately asserting a

10 range of affirmative defenses and counterclaims. (Dkt. Nos. 16, 18, 34, 35, 38.)

11

On October 25, 2021, the Honorable Richard A. Jones issued an order granting in part

12 and denying in part Plaintiff's motion to dismiss several of Defendant's counterclaims and to

13 strike certain affirmative defenses.  (Dkt. No. 76.)  Among other things, Judge Jones struck

14 Defendant's affirmative defense of License.  (*Id*. at 20-21.)  Judge Jones found that a license

15 agreement between Plaintiff and a third party, Arkon Resources, Inc. ("Arkon"), only concerned

16 a patent not at issue in this case.  (*Id*.)  Judge Jones also found that as to the License defense, no

17 questions of fact existed, the questions of law were clear and not in dispute, and given the

18 circumstances, the defense could not succeed.  (*Id*. at 21.)

19

On November 8, 2021, Defendant filed the instant motion for leave to amend its answer

20 and counterclaims.  (Dkt. No. 79.)  On the same day, Defendant filed a proposed amended

21 answer and counterclaims.  (Dkt. No. 78.)  In its amended answer, Defendant asserted the

22 affirmative defense of "Release", alleging that Plaintiff's claims for damages were barred, in

23 whole or in part, because Defendants' products were covered under a release from NPI to Arkon.

24

ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND FOURTH AMENDED ANSWER AND
COUNTERCLAIMS - 2

The release is contained in a 2019 settlement agreement between NPI, Arkon, and another company, IBOLT.  (*Id*. at 14-17.)  Defendant cites a case from the United States District Court for the Middle District of Florida allegedly construing the language of this release as extending to all 133 patents owned by Plaintiff, and a judgment of the United States Court of Appeals for the Federal Circuit affirming the district court's findings.  (*Id*. at 15-17.)

Defendant also re-asserted its claim under the Washington State Consumer Protection Act ("CPA") (*Id*. at 80-81), stating in its motion for leave to amend that it was "respectfully request[ing] reconsideration" of Judge Jones' order to dismiss this claim without prejudice and with leave to amend because Judge Jones' incorrectly stated the law concerning federal preemption.[1]  (Dkt. No. 79 at 12-13.)

## II.       LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial 21 day period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court.  Fed. R. Civ. P. 15(a)(2).

"Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and request for leave should be granted with 'extreme liberty.'"  *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  In addition, "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment."  *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991); *see also*

---

[1] The Court construes this as a motion for reconsideration pursuant to Local Civil Rule 7(h) and will address Defendant's request in a separate order.

1  *Moss v. U.S. Secret Service*, 572 F.3d at 972; *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir.

2  2002).

3      The Court must consider five factors when considering whether to grant a party leave to

4  amend: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of amendment,

5  and 5) whether the party has previously amended the complaint.  *Desertrain v. City of Los*

6  *Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077

7  (9th Cir. 2004)).

8                          **III.     DISCUSSION**

9      **A.     Previous Amendments.**

10     The district court's discretion to deny leave to amend is particularly broad where the

11  moving party has previously amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367,

12  373 (9th Cir. 1990), citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.

13  1989); *see also Rich v. Shrader*, 823 F. 3d 1205, 1209 (9th Cir. 2016) (noting that the district

14  court has "wide discretion in granting or refusing leave to amend after the first amendment").

15     In addition, "Late amendments to assert new theories are not reviewed favorably when

16  the facts and the theory have been known to the party seeking amendment since the inception of

17  the cause of action." *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d

18  716, 738-39 (9th Cir. 2013) (quoting *Royal Insurance Company of America v. Southwest Marine*,

19  194 F.3d 1009, 1016-17 (9th Cir. 1999)) (holding that the district court did not abuse its

20  discretion by denying Royal's motion for leave to file a third amended complaint); *see also*

21  *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438

22  (9th Cir. 1986) (refusing to allow Plaintiff to file a fourth amended complaint where "[t]he

23  factual bases of the claims were known to [plaintiff] long before" and finding that the district

24

ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND FOURTH AMENDED ANSWER AND
COUNTERCLAIMS - 4

1    court did not abuse its discretion in finding that "permitting amendment would impose a

2    prejudicial burden on" Defendant).

3        Here, Defendant had the ability to raise the Release defense earlier in this litigation.  This

4    is because the district court order Defendant cites in support of its Release defense was filed on

5    February 4, 2020, more than three months before Defendant filed its first answer.  (Dkt. No. 16;

6    *National Products, Inc., v. High Gear Specialties Inc.*, No. 6:18-cv-00543-RBD-DCI, 2020 WL

7    549491 at *2 (M.D. Fla., Feb. 4, 2020)).  Also, the settlement agreement containing the release

8    provisions was entered into on April 9, 2019, nearly a year before Plaintiff filed its initial

9    complaint.  (Dkt. No. 48-5.)  Moreover, the License defense raised on December 8, 2020 (s*ee*

10   Dkt. No. 35 at 13-14) is based on the same agreement now used in support of the Release

11   defense.  (*See* Dkt. No. 48-5.)  It, therefore, is unpersuasive that the failure to plead the Release

12   defense earlier was the result of an "improvident" word choice.  (Dkt. No. 83 at 3.)

13       Defendant has filed five prior responsive pleadings in this case.  (Dkt. Nos. 16, 18, 34,

14   35, 38.)  Admittedly, some of Defendant's amended pleadings have been filed in response in

15   Plaintiff's amended complaints (Dkt Nos. 14 and 43), which were themselves amended to allege

16   infringement of additional patents.  However, the remaining pleadings have been amended

17   principally to add new affirmative defenses and counterclaims and Defendant has not provided a

18   satisfactory explanation as to why the Release defense was not previously asserted.

19       As such, the number of prior amendments weighs against Defendant's motion to amend

20   its answer to include the Release defense.  *See Parker v. Joe Lujan Enters., Inc*., 848 F.2d 118,

21   121 (9th Cir.1988) (noting that a failure by the moving party to justify the delay in seeking leave

22   to amend the complaint weighs against granting leave to amend).

23

24

1    **B.      Undue Delay.**

2        Undue delay, by itself, is typically insufficient to justify denying a motion to amend.

3    *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  "Relevant to evaluating the delay issue is

4    whether the moving party knew or should have known the facts and theories raised by the

5    amendment in the original pleading."  *Jackson v. Bank of Hawaii*., 902 F.2d 1385, 1387-88 (9th

6    Cir. 1990).  As already identified, it is evident that Defendant knew or should have known of the

7    facts and theories underlying its Release defense when it filed its License defense, and an

8    insufficient explanation has been provided supporting the delay in advancing its Release defense.

9    *See supra,* Section III.A.

10       Accordingly, this factor weighs against granting Defendant leave to amend its answer.

11   **C.      Prejudice to the Opposing Party.**

12       When evaluating a motion for leave to amend, "[n]ot all of the factors merit equal

13   weight," rather "it is the consideration of prejudice to the opposing party that carries the greatest

14   weight."  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

15       "Prejudice typically arises where the opposing party is surprised with new allegations

16   which require more discovery or will otherwise delay resolution of the case."  *Wehlage v.

17   EmpRes Healthcare Inc*., No. C10–5839 CW, 2012 WL 380364, at *2 (N.D. Cal. Feb.6, 2012)

18   (citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99) (9th

19   Cir.1986)).

20       Prejudice can arise through "the nullification of prior discovery, the burden of necessary

21   future discovery, and the relitigation of a suit . . . ." *Jackson*, 902 F.2d at 1387; *see also Acri*, 781

22   F.2d at 1399.  "[A]dditional discovery [must] be undertaken" when "additional claims advance

23   different legal theories and require proof of different facts."  *Jackson,* 902 F.2d at 1387.

24

ORDER ON DEFENDANT'S MOTION FOR LEAVE TO AMEND FOURTH AMENDED ANSWER AND
COUNTERCLAIMS - 6

1    Plaintiff contends that Defendant has "serially" filed amendments to its answer, and that

2    each of Defendant's five responsive pleadings has asserted new and shifting theories creating a

3    "moving target" that prejudices Plaintiff's ability to respond.  (Dkt. No. 81 at 7-9.)

4        The Court agrees the theory underlying the Release defense is new, relies on case law not

5    previously cited in Defendant's prior pleadings, and presents a different legal theory that would

6    prejudice Plaintiff's ability to present its case.

7        Accordingly, this factor weighs against granting Defendant leave to amend its answer to

8    include the Release defense.

9    **D.    Futility.**

10       When an amendment is futile, "there [is] no need to prolong litigation by permitting

11   further amendment." *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).  A

12   proposed amendment is futile where "the pleading could not possibly be cured by the allegation

13   of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting *Doe v. United*

14   *States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Futility alone can justify the denial of a motion to

15   amend.  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (quoting *Nunes v. Ashcroft*,

16   348 F.3d 815, 818 (9th Cir. 2003)).

17       Plaintiff contends that granting Defendant leave to amend its answer to include the

18   affirmative defense of Release would be futile because: (1) Defendant's new "Release" defense

19   is merely a re-titled version of the "License" defense that Defendant asserted in a prior amended

20   pleading, and which Judge Jones dismissed with prejudice and (2) Plaintiff's settlement

21   agreement with Arkon and IBOLT licensed a single patent not at issue in this case, and only

22   released claims against Arkon and IBOLT, not third parties such as Defendant.  (Dkt. No. 81 at

23   4-7.)

24

1       As to both issues, Plaintiff is correct that Judge Jones found the license agreement

2   between Plaintiff and Arkon concerned one single patent not at issue in this case.  (Dkt. No. 76 at

3   20-21.)  Notwithstanding, Defendant asserts that some or all of Plaintiff's claims are barred

4   because Defendant's products are covered by the release from Plaintiff to Arkon and IBOLT,

5   which is contained in the same agreement containing the license.  (Dkt. No. 78 at 14-17; *see also*

6   Dkt. No. 78-19.)  In essence, Defendant asserts the release acts as an affirmative license in that

7   third parties who purchase and use a patented product from Arkon or IBOLT, which Defendant

8   asserts occurred here, are immune from suit by virtue of said release.

9       However, as explained by the Northern District of Illinois, there is a significant

10  distinction between a license and a release under patent law:

> [W]hen a patent holder sells or grants a license on a patented item or method, the
> patent holder surrenders its rights to enforce the patent against not only the buyer
> or licensee but also those who acquire the product or method from the buyer or
> licensee.  A release, however, works differently.  Specifically, a release given to
> one tortfeasor does not release others and does not, unlike a sale or a license,
> surrender the releasor's rights.

14  *Cascades Comput. Innovation, LLC v. Samsung Elecs. Co*., 70 F. Supp. 3d 863, 870 (N.D. Ill.

15  2014) (citing *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 868 (Fed. Cir. 2006)).  Thus, the

16  release from Plaintiff to Arkon and IBOLT, even if it covered all patents owned by Plaintiff, is

17  not a license.  Nothing therein indicates the release language was meant to extend to third parties,

18  such as Defendant.[2]  It, therefore, does not release third parties and does not surrender Plaintiff's

19  rights.

---

[2] The release language states:

> With the exception of Civil Action No. C15-cv-01553-JPD in the Western District of Washington
> and any pending appeal thereto, including but not limited to Nos. 18-35220 and 18-35221 (9th Cir.),
> NPI releases all claims and causes of action, whether known or unknown, related to products shown
> on the public websites of NPI (www.rammount.com), Arkon (www.arkon.com), or IBOLT

1    Because the release contained in the agreement between Plaintiff, Arkon, and IBOLT is

2    not a license and in no way indicates third parties are meant to be released, the Defendant's

3    Release defense appears to be futile.

4        Accordingly, this factor weighs against granting Defendant leave to amend its answer to

5    include a Release defense.

6        **E.    Bad Faith.**

7        In the context of a motion for leave to amend, bad faith means acting with intent to

8    deceive, harass, mislead, delay, or disrupt.  *Wizards of the Coast LLC v. Cryptozoic*

9    *Entertainment LLC*, No. C14-0718-JLR 645, 309 F.R.D. 645 at *651 (W.D. Wash., Aug. 4,

10   2015) (internal citations omitted).  Bad faith means more than acting with bad judgment or

11   negligence, but "rather it implies the conscious doing of a wrong because of dishonest purpose or

12   moral obliquity.... [I]t contemplates a state of mind affirmatively operating with furtive design or

13   ill will." (*Id.*), citing *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th

14   Cir.2003).  When considering if bad faith favors denying leave to amend, "the court must indulge

15   all inferences in favor of allowing amendment and must therefore impute benign motives to

16   [Plaintiff] where ... it is plausible to do so."  (*Id.*) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d

17   877, 880 (9th Cir. 1999)).

18       Here, Plaintiff does not cite, and the Court does not find, sufficient evidence of bad faith

19   on Defendant's part to justify denying its motion to amend on this basis.  However, the Court

20   will again remind the parties of their obligations under Federal Rule of Civil Procedure 11 and

21

22           (www.ibolt.co) as of April 8, 2019, that they may have against Arkon and IBOLT as of the April 8,
         2019 (sic).

23   (Dkt. No. 48-5 at 4-5.)

24

28 U.S.C. § 1927 to present meritorious arguments and avoid causing unnecessary delay.  The Court reminds the parties that it will look unfavorably upon future motions to amend from either party if they are based upon facts or legal theories known to the parties long before the motion was filed.

In summary, the Court finds that the factors of previous amendment, undue delay, prejudice, and futility weigh against granting Defendant's motion for leave to amend.

## IV.   ORDER

Having considered Defendants' motion, Plaintiff's Response, Defendants' Replies, the exhibits and declarations attached thereto, and the remainder of the record, the Court finds and ORDERS:

(1) Defendant's motion for leave to amend its answer (Dkt. No. 79) to include the affirmative defense of Release is DENIED.  The defense of Release shall be STRICKEN from Defendant's proposed amended answer.  (Dkt. No. 78.)

Dated this 25th day of February, 2022.

David G. Estudillo
United States District Judge