HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX, <br><br> Defendant. <br><br> INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> NATIONAL PRODUCTS INC., <br><br> Counterclaim Defendant. | Case No. 2:20-cv-00428-DGE <br><br> **NATIONAL PRODUCTS INC.'S MOTION FOR DISCOVERY SANCTIONS AND TO COMPEL DISCOVERY** <br><br> <u>**Note On Motion Calendar:**</u> **April 21, 2023** <br><br> **JURY TRIAL DEMANDED** |

NPI'S MOTION RE DISOVERY
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

## I.    **INTRODUCTION**

Plaintiff National Product Inc. ("NPI") seeks an order from this Court sanctioning Defendant Innovative Intelligent Products, LLC ("GPS Lockbox") for discovery misconduct and compelling GPS Lockbox to respond to NPI's discovery requests.

***First***, NPI seeks sanctions under Fed. R. Civ. P. 37(d)(1)(A)(ii) for GPS Lockbox's failure to serve timely responses to NPI's Second Set of Interrogatories and Third Requests for Production. As GPS Lockbox cannot demonstrate an acceptable justification for its failure to timely respond the Court should, at minimum, issue an order pursuant to Fed. Cir. Civ. P 37(a)(3)(B)(iii) and (iv) compelling GPS Lockbox to provide fulsome responses—without objections—within five days of the Court entering its order.

But the Court would be justified in striking GPS Lockbox's inequitable conduct and patent mismarking counterclaims, and any other of its defenses based on the Ultra Pro 7, under Fed. R. Civ. P. 37(b)(A)(ii), (iii), (v) or (vi). GPS Lockbox asserted these theories two-and-a-half years ago, and much the information supporting much of these claims lies exclusively within its possession. GPS Lockbox should have had the evidence supporting its claim readily available *before* it asserted them in November of 2020. GPS Lockbox's inability to cite a single internal document as evidence after 30 months of litigation raises serious questions about the investigation, if any, underlying its original assertion of those claims and its regurgitation of those allegations into its untimely and deficient discovery responses.

NPI additionally requests an award of attorneys' fees pursuant to Fed. R. Civ. P. 37(d)(3).

***Second***, NPI requests the Court sanction GPS Lockbox for refusing to confer regarding this Motion pursuant to Local Civil Rule 37(a)(1) and Local Civil Rule 11, including an award to NPI of its reasonable attorneys' fees and costs in pursuing this relief. GPS Lockbox repeatedly ignored NPI's requests to confer. And, unfortunately, GPS Lockbox's refusal to confer on discovery issues has become the norm. Without a signal from this Court that GPS Lockbox cannot unilaterally determine when discovery conferences are appropriate, NPI believes GPS

NPI'S MOTION RE DISOVERY           - 1 -           Fenwick & West LLP
Case No. 2:20-CV-00428-DGE                                               1191 Second Avenue, 10th Floor
                                                                                                                                                  Seattle, Washington 98101
                                                                                                                                                      telephone 206.389.4510
                                                                                                                                                        facsimile 206.389.4511

Lockbox will continue to needlessly waste resources by multiplying and obstructing the proceedings in this case.

NPI does not make these requests lightly.  As the supporting declaration of Jonathan G. Tamimi ("Tamimi Decl.") details, NPI has tried to advance discovery without asking this Court to intervene.  But GPS Lockbox's intransigence can no longer be accommodated if the parties are going to complete discovery by the Court-ordered deadline.  NPI therefore respectfully requests that the Court:

> (1) Order GPS Lockbox to provide fulsome answers to NPI's Interrogatories Nos. 15–19, without objections, within five days of the Court issuing its Order; and
>
> (2) Strike GPS Lockbox's inequitable conduct and invalidity claims based on the Ultra Pro 7, and strike GPS Lockbox's patent mismarking claim;
>
> (3) Order GPS Lockbox to produce all documents and things responsive to NPI's Requests for Production Nos. 85–88, and 91 with five days of the Court issuing its Order;
>
> (4) Grant NPI leave to file a petition for its attorneys' fees incurred in seeking this relief for violating Fed. R. Civ. P. 37 and LCR 37.

NPI has submitted a proposed order herewith detailing this relief.

## II.  GPS LOCKBOX REFUSED TO CONFER REGARDING THIS MOTION

NPI tried in vain to get GPS Lockbox to confer.  Tamimi Decl. ¶¶ 25–34; **Ex. E**[1], **Ex. I**; **Ex. J**.  Counsel for GPS Lockbox first ignored NPI's requests for a conference, *id* at ¶¶ 25–33, then stated it was willing to confer "at a reasonable time in view of my general ***unavailability***." *id.* at ¶ 34; **Ex. I** (emphasis added).  Counsel for GPS Lockbox never called counsel for NPI, Tamimi Decl., ¶ 31, never made itself available to confer regarding the issues raised herein, *id.* at ¶ 32, and never provided a time it was available, *id.* at ¶ 33.[2]

---

[1] Each of the Exhibits referenced herein are attached to the Tamimi Decl. submitted herewith.

[2] Notably, while Mr. King claimed GPS Lockbox was unavailable, GPS Lockbox's other lawyer, Mr. Villani, was ready and willing to engage on discovery issues, including speaking over the phone during that same time period.  Tamimi Decl. ¶¶ 78–79; **Ex. R**.  As explained below, this is just the most recent example of GPS Lockbox unilaterally deciding which issues are "appropriate" for a conference and which it will simply refuse to acknowledge.

Unfortunately, unilaterally determining that a conference is not appropriate and then refusing to confer has become GPS Lockbox's go-to playbook. GPS Lockbox has refused to confer on simple issues, such as the production of product samples, *see id.* at ¶¶ 36–47, and has consistently attempted to shirk its responsibility to confer on the most important issues, such as the production of ESI. *Id.* at ¶¶ 48–75.

GPS Lockbox's actions lie far outside the reasonable bounds of litigation behavior. NPI has been forced to repeatedly contact GPS Lockbox to get a response, *see e.g.,* **Ex. K** at 4–5; **Ex. L** at 4–6, and scheduling discovery conferences can take weeks and dozens of emails, *see e.g.,* **Ex. L** at 1–6; **Ex N**; **Ex. O**.

Absent Court intervention, NPI has no reason to believe that GPS Lockbox will change its behavior. Without sanctions looming, GPS Lockbox simply chooses when it wants to engage in discovery regardless of its duties under the Federal and Local Rules. Tamimi Decl. ¶¶ 80–83.

### III. <u>BACKGROUND</u>

NPI asserts that GPS Lockbox willfully infringes four of NPI's patents by selling certain covers and cradles for portable electronic devices. Dkt. 43. NPI and GPS Lockbox compete head-to-head to sell mounting solutions covered by the asserted patents. Dkt. 78 ¶ 219; Dkt. 55 ¶¶ 3, 6–11. As such, NPI seeks a recovery of lost profits for GPS Lockbox's infringement.

GPS Lockbox has raised several defenses or counterclaims that are relevant to the instant Motion.

#### A. **GPS Lockbox's Now-Disproven Ultra Pro 7-Based Defenses**

Several of GPS Lockbox's defenses concern a product it calls the "Ultra Pro 7." GPS Lockbox claims that the Ultra Pro 7 invalidates NPI's patents because it was publicly available prior to NPI filing its patent applications. *See e.g.*, Dkt. 78 ¶ 266. GPS Lockbox has also alleged that individuals at NPI, including the inventor of the patents-in-suit, Mr. Carnevali, knew about the Ultra Pro 7 before the certain patent applications were filed. *Id.* at ¶¶ 249–254. Then, according to GPS Lockbox, Mr. Carnevali not only failed to inform the Patent and Trademark Office of the Ultra Pro 7 (allegedly because it would have prevented him from obtaining the

NPI'S MOTION RE DISOVERY
Case No. 2:20-CV-00428-DGE
- 3 -
Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, Washington 98101
Telephone 206.389.4510
Facsimile 206.389.4511

patents-at-issue), but Mr. Carnevali also stole ideas from the Ultra Pro 7—such as the use of magnets—and then incorporated them into his patent application. *Id.* at ¶ 255.

Much has been revealed since GPS Lockbox made these allegations in late 2020. Mr. Dovey was deposed as part of a related litigation and his testimony directly contradicted the allegations set forth in GPS Lockbox's counterclaims. Tamimi Decl. ¶ 84. NPI has also produced *all* of its communications with Mr. Dovey and GPS Lockbox, and those communications disprove Mr. Dovey's allegations of a meeting between him and NPI in March or April of 2014. *Id.* at ¶ 85. By contrast, GPS Lockbox has failed to produce a single document that supports the story told in its counterclaims. *Id.* at ¶ 86. And, despite the overwhelming evidence to the contrary, GPS Lockbox continues to assert Mr. Dovey's story is true. *Id.* at ¶ 87.

### B. GPS Lockbox's Patent Mismarking Claim

GPS Lockbox has also accused NPI of false marking under 35 U.S.C. § 292 because NPI's products do not practice one of the patents-in-suit, but NPI nonetheless listed it on its Patent and Trademarks page for sake of completeness. Dkt. 78 ¶ 368. Notably, § 292 contains several requirements for private party to maintain an action under the statute, including that the party have suffered a "competitive injury" from false marking in advertisements.

Critically, GPS Lockbox appears to have falsely marked its products. GPS Lockbox has publicly advertised its products as "Patented" or "Patent Pending" since at least 2014, Tamimi Decl., ¶ 88, despite not having any patent protection for those products until much later (if at all).

### C. NPI Serves Discovery Requests on February 28, 2023 Related to Infringement, Damages, and GPS Lockbox's Defenses

To ensure that NPI had clean record of GPS Lockbox's positions related to willful infringement, lost profits damages, the Ultra-Pro-7-based defenses, and GPS Lockbox's false marking claim, NPI issued Interrogatories and Requests for Production directed to those issues on February 28. 2023. Tamimi Decl. ¶ 3; **Ex. A**. NPI's Interrogatory No. 15 requests GPS Lockbox identify and provide any information related to alleged "acceptable, non-infringing alternatives" to the covered products, an issue relevant to lost profits. **Ex. A** at 5. NPI's Interrogatory No. 16

NPI'S MOTION RE DISOVERY - 4 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

requests information about GPS Lockbox's inequitable conduct claim and, importantly, given the lack of evidence cited by GPS Lockbox to date, an identification of all documents GPS Lockbox alleges support its claim. *Id.* at 5–6. Interrogatory No. 17 requests information about any alleged false marking, including any competitive injury GPS Lockbox claims to have suffered. *Id.* at 6. Interrogatory No. 18 requests information about GPS Lockbox's own marking of its products as "patented" or "patent pending," which is relevant to GPS Lockbox's claim that NPI falsely marked its products. And Interrogatory No. 19 requests GPS Lockbox identify when it first learned of NPI's products which, among other things, is indicative of when GPS Lockbox learned of NPI's patents and thus willful infringement. *Id.* at 7.

NPI's requests for production largely aligned with its Interrogatories. NPI requested sales data for the Ultra Pro 7 (RFP 85); sales and cost information for GPS Lockbox products identified in response to NPI's Interrogatory No. 15 (RFP 86), documents related to GPS Lockbox marking its own products as "patented" (RFP 87), documents related to any harm suffered by GPS Lockbox due to NPI's alleged false marking (RFP 88); documents related to manufacturing the Ultra Pro 7 (RFP 89); and physical samples (RFP 90) and documents related thereto (91) of the Ultra Pro 7. **Ex. B** at 6–7.

### D. The Parties Agree on a Date to Supplement Prior Discovery Responses

At the same time NPI served its discovery requests, it also "proposed[d] that the parties update their *prior* interrogatory responses on April 14" and asked for GPS Lockbox to "let us know if you agree to *supplement prior interrogatory responses on April 14*." **Ex. C** (emphasis added). NPI even identified the prior responses it believed needed to be supplemented. *Id.*

The parties again discussed supplementation of *prior* responses on March 13. Tamimi Decl. ¶ 6. That discussion never addressed then-pending discovery. *Id.* Rather, as was memorialized by the parties, it only concerned "mutual supplemental ROG responses, and to update any other discovery responses wherein a party's response may no longer be accurate" by April 21. **Ex. D** at 1 (emphasis added).

NPI'S MOTION RE DISOVERY  
Case No. 2:20-CV-00428-DGE

- 5 -

FENWICK & WEST LLP  
1191 SECOND AVENUE, 10TH FLOOR  
SEATTLE, WASHINGTON 98101  
TELEPHONE 206.389.4510  
FACSIMILE 206.389.4511

Counsel for GPS Lockbox never mentioned his purported belief the parties agreed deadline to supplement prior responses would excuse GPS Lockbox from timely responding to NPI's pending discovery requests. Tamimi Decl. ¶ 7. GPS Lockbox never requested any extension to respond to NPI's discovery requests. *Id.* at ¶ 8. GPS Lockbox did not inform NPI that it was unable to timely provide responses. *Id.* at ¶ 9. Nor did GPS Lockbox tell NPI that it too could delay responding to GPS Lockbox's outstanding discovery requests until April 21st. *Id.* at ¶ 6. In short, the parties never even discussed much less agreed to an extension for newly served discovery requests.

### E. GPS Lockbox Fails to Serve Responses to NPI's Discovery Requests and Then Provides Incomplete and Improper Responses

After the deadline for GPS Lockbox to respond to NPI's discovery had passed, NPI immediately reached out to GPS Lockbox. **Ex. E.** NPI requested that GPS Lockbox provide fulsome answers and responses to NPI's discovery requests.

Instead, counsel for GPS Lockbox provided hastily drafted, incomplete responses the following day. As to GPS Lockbox's Interrogatory responses, counsel for GPS Lockbox refused to provide meaningful answers to NPI's Interrogatory Nos. 15, 18, and 19. **Ex. G** at 5–7, 67–69. And with respect to NPI's Interrogatories Nos. 16 and 17, GPS Lockbox copied and pasted two-and-half-year-old allegations from its counterclaims into its responses. *Id.* at 8–66. Despite litigating for thirty months, GPS Lockbox was unable to cite a single non-public document supporting its inequitable conduct and false marking claims. *Id.* The ***only*** information GPS Lockbox added to its allegations were the identities of individuals who purportedly "can attest to . . . the occurrence of the meeting in about March or April of 2014." *Id.* at 16.[3] Given that NPI has produced documents that definitively disprove the existence of this meeting, Tamimi Decl. ¶¶ 85, 89, simply listing individuals who can allegedly corroborate this meeting does little. The absence of any documents demonstrates that GPS Lockbox should have never brought this counterclaim.

---

[3] GPS Lockbox believes that the identity of these individuals is AEO information. NPI disagrees but has redacted their names at GPS Lockbox's request.

NPI'S MOTION RE DISOVERY
Case No. 2:20-CV-00428-DGE
- 6 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

GPS Lockbox's responses also contain improper and nonsensical objections. GPS Lockbox repeatedly objects to NPI's requests being improper "in light of the timetable and limits provided in the Local Patent Rules including Local Patent Rule 112." **Ex. G** at 6, 9, 63, 67. But Local Patent Rule 112 expressly states that "***it shall not be a legitimate ground for objecting*** to an opposing party's discovery request[s] . . . that the discovery request . . . is premature in light of . . . these Local Patent Rules." (emphasis added). And while Local Patent Rule 112 does permit a party to object to responding to discovery requests which "are ***premature*** in light of the timetable provided in the Local Patent Rules" to the extent they call for discovery provided for in those rules, ***every relevant Local Patent Rule deadline has long passed***.

GPS Lockbox's responses to NPI's Requests for Production displayed an alarming lack of knowledge of its production in this case. NPI had to move to compel, submit a joint statement, and attend a hearing before the Court for GPS Lockbox to agree to produce financial information for the Accused Products. Tamimi Decl. ¶¶ 80–83. GPS Lockbox knows very well that its financial production to date only included the *Accused Products*. Yet it repeatedly states that it has produced sales and cost information for non-accused products. **Ex. H** at 6–7. Moreover, such financial spreadsheets and documents will not be produced as part of keyword search terms being applied to ESI. And, while GPS Lockbox claims it has already produced all ***communications*** responsive to NPI's requests, it knows that is not the case as it still has not produced any ESI even through the parties agreed GPS Lockbox would ***complete its production by March 31***. **Ex. P** at 1.

Counsel also, for the first time, informed NPI about his "understanding" that GPS Lockbox did not have to respond to NPI's discovery requests until April 21st. **Ex. F**. As previously mentioned, counsel never stated this "understanding" before the deadline to respond, despite two live meet and confers and several emails back and forth. The record clearly shows that counsel could not reasonably have understood there to be an agreement permitting tardy responses to NPI's discovery requests.

NPI'S MOTION RE DISOVERY  
Case No. 2:20-CV-00428-DGE

- 7 -

Fenwick & West LLP  
1191 Second Avenue, 10th Floor  
Seattle, Washington 98101  
Telephone 206.389.4510  
Facsimile 206.389.4511

### F. GPS Lockbox Refuses to Confer Regarding this Motion and NPI's Compromise Proposal

Having received no plausible justification for GPS Lockbox's failure to timely respond, and deficient, untimely responses, NPI offered a compromise proposal in the hope to avoid motion practice, **Ex. I** at 5–6, and NPI requested yet again that GPS Lockbox confer.

NPI's proposal requested that GPS Lockbox provide fulsome answers to NPI's Interrogatories by the end of the week or confirm that the answers it had provided were GPS Lockbox's final position, and to confirm that GPS Lockbox would produce the documents requested without objection. *Id.* at 5–6.

Counsel for GPS Lockbox rejected each of NPI's proposals, *id.* at 1–4; Tamimi Decl. ¶¶ 17–23 and refused to confer based on alleged "general unavailability." **Ex. I** at 4.

This Motion followed.

## IV.   ARGUMENT

This Motion is not about a single missed deadline.  This is about a missed deadline, deficient responses, and a pattern of refusal to meaningfully engage in discovery that comprises NPI's ability to defend itself against GPS Lockbox's counterclaims.  GPS Lockbox will always "agree" to produce discovery but fails to do so without threat of a Court order.  And GPS Lockbox will always, eventually, "agree" to meet and confer on discovery issues, so long as its counsel has unilaterally determined the timing is "appropriate."  These actions have unfairly prejudiced NPI throughout this proceeding, and GPS Lockbox intransigence threatens to derail this case schedule and force NPI yet again to continue to needlessly waste resources on receiving fundamental discovery invariably produced in every patent case save for this one.  NPI thus respectfully requests the Court sanction GPS Lockbox and grant the relief requested herein.

### A. GPS Lockbox's Failed to Timely Respond to NPI's Discovery Requests and Thus Waived Any Objections, Including Privilege

The law is clear: "a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). "This

NPI'S MOTION RE DISOVERY
Case No. 2:20-CV-00428-DGE
- 8 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

is true even of an objection that the information sought is privileged." *Davis*, 650 F.2d at 1160. "Furthermore, the waiver rule has been consistently applied to Rule 34 requests for production by the courts of this circuit." *Bussiere v. Softmart Com. Servs. Inc.*, No. C08-1461RSM, 2009 WL 10675540, at *1 (W.D. Wash. June 1, 2009).

GPS Lockbox did not provide timely responses to NPI's Second Set of Interrogatories or its Third Set of Requests for Production. Those requests were served on February 28, **Ex. A**; **Ex. B**; **Ex. C**, and responses were due thirty days later, Fed. R. Civ. P. 33 & 34, on March 30. There is no dispute that GPS Lockbox failed to timely serve responses. **Ex. F**. Thus, unless GPS Lockbox can "demonstrate good cause for failure to timely provide the responses, [it] has thereby waived all objections based on privilege or other applicable claims." *Bussiere*, 2009 WL 10675540, at *2.

**B.   GPS Lockbox's Cannot Demonstrate Good Cause for its Failure to Timely Respond to NPI's Discovery Requests**

GPS Lockbox has no viable excuse for failing to respond. GPS Lockbox has two lawyers at two different firms. Both received NPI's discovery responses on February 28. Both are aware that the Federal Rules require a response thirty days later. Neither sought an extension. Neither sought to confirm any purported agreement permitting late responses. Neither stated, despite multiple opportunities, that they believed the parties' agreement to provide *supplements* to *prior* discovery responses by April 21st applied to newly issued discovery. They failed to do so in writing, **Ex. D**, and they failed to do so in the two back-to-back meet and confers where this issue was discussed, Tamimi Decl. ¶ 6.

GPS Lockbox's post-hoc excuse strains credulity and misrepresents the record. Tellingly, GPS Lockbox never claims the existence of an agreement to delay service of GPS Lockbox's responses. Rather, counsel only refers to "what I thought was our agreement." **Ex. F**. Moreover, counsel's claim that he "originally proposed exchanging updated/supplemental interrogatory responses on March 31, 2023" "during our most recent meet and confer concerning interrogatories," *id.*, is incorrect. As is counsel's statement that the parties discussed that the

supplemental responses and new responses "would be due together," such that he "thought we were agreeing to have all interrogatory answers (the supplementation and the new interrogatories) due" on April 21. *Id.*

It was **NPI**, not GPS Lockbox, who proposed supplemental updates to prior responses. **Ex. C** ("[W]e propose the parties update their prior interrogatory responses on April 14 . . . Please let us know if you agree to supplement prior interrogatory responses on April 14."). NPI asked again on March 7. **Ex. L** at 4 ("Please provide your availability this week to confer about . . . a schedule for reciprocal supplementation of ROG responses."). And on March 9. **Ex. O** at 1 ("Josh—we have repeatedly asked for your availability to confer on . . . a date for mutual . . . update[s] to ROG responses.").

And the parties never discussed providing supplemental responses on March 31 (one day after GPS Lockbox's responses were due). Rather, as reflected above, NPI proposed April 14 and, during the meet and confer, to accommodate counsel's travel schedule, the parties agreed to supplement responses on April 21st. **Ex. D** ("I'm writing to memorialize our agreement to exchange mutual supplemental ROG responses, and to update any other discovery responses wherein a party's response may no longer be accurate, on April 21st.").

Counsel's post-hoc rationale is at best wildly misleading and inconsistent with the record. At worst, it is a deliberate attempt to distort meticulously documented agreements and proceedings to downplay counsel's failure to abide by deadlines. Neither justifies GPS Lockbox's tardiness. Both warrant imposition of sanctions.

### C. Discovery Sanctions Are Appropriate

Fed. R. Civ. P. 37(d)(1)(A)(ii) permits sanctions against a party who, like GPS Lockbox, fails to timely answer properly served Interrogatories and Requests for Production. Section (d)(3) empowers the Court to issue monetary sanctions and to employ "any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Thus, the Court may, for example, "prohibit[] the disobedient party from supporting . . . designated claims or defenses," "strik[e] pleadings in whole or in part," "dismiss[] the action . . . in whole or in part," or "render[] default judgement against the disobedient party."

NPI'S MOTION RE DISOVERY — - 10 -  
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP  
1191 SECOND AVENUE, 10TH FLOOR  
SEATTLE, WASHINGTON 98101  
TELEPHONE 206.389.4510  
FACSIMILE 206.389.4511

Striking GPS Lockbox's defenses and counterclaims related to the Ultra Pro 7 and its false marking claims is warranted.  GPS Lockbox's refusal to meaningfully participate in discovery and reveal what, if any, evidence supports its now two-and-a-half-year-old allegations is compromising NPI's ability to defend those claims.  GPS Lockbox and its counsel were required to have performed a reasonable inquiry prior to filing their counterclaims in *November of 2020*, including that "the factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b)(3).

There are countless factual allegations in GPS Lockbox's counterclaims, which were copied into its interrogatory responses, that GPS Lockbox has failed to support whatsoever.  Take the alleged meeting in March or April 2014.  Surely counsel for GPS Lockbox must have reviewed internal GPS Lockbox meeting invites and emails related to that meeting prior to alleging that fact.  Yet, thirty months later, GPS Lockbox cannot identify a single document supporting the meeting.  *See* **Ex. G** at 8–66.  Even worse, GPS Lockbox appears to be ignoring the mountain of evidence produced by NPI that conclusively refutes the existence of that meeting.  Tamimi Decl. ¶ 85[4].

GPS Lockbox appears to believe that an interrogatory response two-and-a-half years into litigation is merely another opportunity to tell a story on "information and belief."  **Ex. G** at 11, 17, 31, 58.  It is not.  It is the mechanism by which it must inform NPI of what evidence supports its claims.  GPS Lockbox's failure to unearth a single document supporting its story in over thirty months combined with mountain of contradictory evidence makes clear that GPS Lockbox has no, and never had, any legitimate basis for these counterclaims.

NPI respectfully submits that GPS Lockbox's cavalier attitude to both its obligations under Fed. R. Civ. P. 34 and Fed. R. Civ. P. 11 more than justify striking its counterclaims.

---

[4] This is not just limited the extensive records of the parties' communications.  Mr. Dovey also claims the meeting occurred at NPI's principal place of business at 8410 Dallas Ave. S. in Seattle.  Yet the building ***was torn down to the studs*** at the time.  NPI has produced photos of the uninhabitable building, publicly available building permits confirming the demolition, and sworn corporate deposition testimony attesting to these facts.  Tamimi Decl. ¶ 89.

NPI'S MOTION RE DISOVERY — - 11 -  
Case No. 2:20-CV-00428-DGE  
FENWICK & WEST LLP  
1191 SECOND AVENUE, 10TH FLOOR  
SEATTLE, WASHINGTON 98101  
TELEPHONE 206.389.4510  
FACSIMILE 206.389.4511

Moreover, the Court should order GPS Lockbox to immediately provide fulsome responses to NPI's Interrogatories No. 15 (non-infringing alternatives) and 19 (knowledge of NPI's products)—with all objections waived. And to provide all documents responsive to NPI's Requests for Production Nos. 85 (Ultra Pro 7 sales) and 86 (sales and cost data for other GPS Lockbox products).

To the extent that the Court does not strike GPS Lockbox's defenses and counterclaims related to the Ultra Pro 7 and its false marking claim, the Court should additionally order fulsome responses without objections to NPI's Interrogatory Nos. 16 and 17, including an identification of the documents purporting to support those allegations, and require fulsome production in response to NPI's Requests for Production 87, 88 and 91.

### D.     Monetary Sanctions Are Appropriate

Rule 37 states that "the court ***must*** require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified . . . ." Fed. R. Civ. P. 37(d)(3) (emphasis added). Local Civil Rule 37(a)(1) states that "[i]f the court finds that counsel for any party . . . willfully refused to confer . . .or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules." Local Civil Rule 11 provides that "[a]n attorney or party who without just cause fails to comply with any of the Federal Rules of Civil [Procedure or] these rules, . . . or who otherwise so multiplies or obstructs the proceedings in a case may . . . be required by the court to satisfy personally such excess costs."

Any or all these are bases to grant NPI an award of attorneys' fees. GPS Lockbox failed to serve responses according to the Federal Rules of Civil Procedures. It failed to justify its tardiness through an implausible story that blatantly misrepresents the record. And GPS Lockbox's failure to confer regarding this Motion, and its repeated, willful refusals to confer throughout this litigation all warrant such a sanction.

NPI'S MOTION RE DISOVERY  - 12 -  
Case No. 2:20-CV-00428-DGE  

FENWICK & WEST LLP  
1191 SECOND AVENUE, 10TH FLOOR  
SEATTLE, WASHINGTON 98101  
TELEPHONE 206.389.4510  
FACSIMILE 206.389.4511

## V. **CONCLUSION**

For the foregoing reasons, NPI respectfully requests the Court enter on order granting the relief NPI has requested herein.

NPI'S MOTION RE DISOVERY
Case No. 2:20-CV-00428-DGE

- 13 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Dated: April 6, 2023

Respectfully submitted,

FENWICK & WEST LLP

By:   */s/ Jonathan Tamimi*
David K. Tellekson, WSBA No. 33523
Jonathan T. McMichael, WSBA No. 49895
Jessica M. Kaempf, WSBA No. 51666
Jonathan G. Tamimi, WSBA No. 54858
Michelle E. Irwin, WSBA No. 58951
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone:   206.389.4510
Facsimile:   206.389.4511
Email:   dtellekson@fenwick.com
    jmcmichael@fenwick.com
    jkaempf@fenwick.com
    jtamimi@fenwick.com
    mirwin@fenwick.com

Attorney for Plaintiff/Counterclaim Defendant
NATIONAL PRODUCTS INC.

NPI'S MOTION RE DISOVERY
Case No. 2:20-CV-00428-DGE

- 14 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

# CERTIFICATE OF SERVICE

I, Jonathan Tamimi, hereby certify that on April 6, 2023, I caused the foregoing **NATIONAL PRODUCTS INC.'S MOTION FOR DISCOVERY SANCTIONS AND TO COMPEL DISCOVERY** to be served on the following parties as indicated below:

| | |
|---|---|
| **Joshua King (WSBA No. 22244)**<br>King IP Law<br>PO Box 50205<br>Bremerton, WA 98015<br><br>*Attorney for Defendant/Counterclaim Plaintiff*<br>INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email<br>   jking@king-iplaw.com |
| **Christopher Villani (WSBA No. 21504)**<br>Compass Rosa Law<br>1225 East Sunset Dr., Ste. 145-4860<br>Bellingham, WA 98226<br><br>*Attorney for Defendant/Counterclaim Plaintiff*<br>INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email<br>   chris@compassrosa.us |

Dated: April 6, 2023            By: */s/ Jonathan Tamimi*
                                        For Jonathan G. Tamimi, WSBA No. 54858
                                        FENWICK & WEST LLP

## LCR 7(e) WORD-COUNT CERTIFICATION

As required by Western District of Washington Local Civil Rule 7(e), I certify that this motion contains 4196 words.

Dated: April 6, 2023

                                            FENWICK & WEST LLP

                                            By: */s/ Jonathan G. Tamimi*
                                                  Jonathan G. Tamimi, WSBA No. 54858

NPI'S MOTION RE DISOVERY         - 16 -        FENWICK & WEST LLP
Case No. 2:20-CV-00428-DGE                                                      1191 Second Avenue, 10th Floor
                                                                                                    Seattle, Washington 98101
                                                                                                 telephone 206.389.4510
                                                                                                  facsimile 206.389.4511