HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC.,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX,<br><br>Defendant.<br><br>INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>NATIONAL PRODUCTS INC.,<br><br>Counterclaim Defendant. | Case No. 2:20-cv-00428-DGE<br><br>**DECLARATION OF JONATHAN G. TAMIMI IN SUPPORT OF NATIONAL PRODUCTS INC.'S MOTION FOR DISCOVERY SANCTIONS AND TO COMPEL DISCOVERY**<br><br>**JURY TRIAL DEMANDED** |

I, Jonathan G. Tamimi, hereby state and declare as follows:

1. I am an attorney admitted to practice in the State of Washington and before this Court. I am an associate with the law firm of Fenwick & West LLP, counsel for Plaintiff National Products Inc. ("NPI"). I have personal knowledge of the matters set forth in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

TAMIMI DECLARATION                       - 1 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

2. I submit this declaration in support of National Products Inc.'s Motion for Discovery Sanctions.

## I. NPI'S DISCOVERY REQUESTS AT ISSUE

3. NPI served its Second Set of Interrogatories and Third Requests for Production on February 28, 2023. A true and correct copy of NPI's Second Set of Interrogatories is attached hereto as **Exhibit A**. A true and correct copy of NPI's Third Requests for Production is attached hereto as **Exhibit B**. A true and correct copy of NPI's service email is attached hereto as **Exhibit C**.

4. As shown in **Exhibit C**, when NPI served the above discovery requests, NPI requested GPS Lockbox agree to a mutual time to "update their prior interrogatory responses" and requested GPS Lockbox "agree to supplement prior interrogatory responses on April 14."

5. Counsel for GPS Lockbox never responded.

6. On March 13, 2023, the parties conferred regarding several issues, including an "agreement to exchange mutual supplemental ROG responses . . . on April 21st." *See* **Exhibit D**. A true and correct copy of an email correspondence between counsel for NPI and GPS Lockbox memorializing that agreement is attached hereto as **Exhibit D**. The parties never discussed an extension and discovery requests that were then-pending, including NPI's Second Set of Interrogatories and Third Requests for Production, or discovery that had been served during that very conference by GPS Lockbox. The April 21st date was expressly limited to "supplemental ROG responses, and to update any other discovery responses wherein a party's response may no longer be accurate." *Id.*

7. GPS Lockbox never informed NPI of any alleged "understanding" that it was permitted to delay service of discovery responses until April 21.

8. GPS Lockbox never asked for an extension to provide responses to NPI's discovery requests.

9. GPS Lockbox never informed NPI that it could not provide responses to NPI's discovery requests in the time set forth in the Federal Rules of Civil Procedure.

TAMIMI DECLARATION - 2 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

10. After the March 30, 2023 deadline for GPS Lockbox to provide responses to NPI's discovery had passed, NPI immediately followed up with a letter to GPS Lockbox. A true and correct copy of NPI's April 3, 2023 letter is attached hereto as **Exhibit E**. NPI's letter was provided to GPS Lockbox at 9:51 AM PT.

11. NPI's letter requested that GPS Lockbox immediately confirm that it would provide fulsome answers to NPI's discovery requests or make itself available to confer by noon PT on April 5. *Id.*

12. GPS Lockbox responded on April 4 at 5:17 AM PT. A true and correct copy GPS Lockbox's email is attached hereto as **Exhibit F**. Counsel for GPS Lockbox claimed to have understood the agreed deadline to exchange supplement discovery responses as applying to NPI's discovery requests. *Id.* Additionally, GPS Lockbox provided responses to NPI's discovery requests.

13. A true and correct copy of GPS Lockbox's responses to NPI's Second Set of Interrogatories is attached hereto as **Exhibit G**.

14. A true and correct copy of GPS Lockbox's responses to NPI's Third Requests for Production is attached hereto as **Exhibit H**.

15. Later in the morning of April 4, NPI responded, noting that GPS Lockbox's responses were "deficient," "appear to have been drafted overnight, raise meritless objections, misrepresent the scope of GPS Lockbox's productions, and, with respect to NPI's Interrogatories, simply regurgitate allegations from the complaint or completely fail[] to respond." **Exhibit I** at 5. A true and correct copy of email correspondence, dated April 3-5, 2023, between counsel for NPI and GPS Lockbox is attached hereto as **Exhibit I**.

16. NPI then presented a series of compromise proposals it hoped would avoid any motion practice, or at least narrow any issues that would ultimately end up before the Court. *Id.* at 5–6.

17. On the evening of April 5, GPS Lockbox responded via email. *Id.* at 1. GPS Lockbox refused each one of NPI's proposals. *Id.* at 2–3.

TAMIMI DECLARATION - 3 -  
Case No. 2:20-CV-00428-DGE  
FENWICK & WEST LLP  
1191 SECOND AVENUE, 10TH FLOOR  
SEATTLE, WASHINGTON 98101  
TELEPHONE 206.389.4510  
FACSIMILE 206.389.4511

18. As to limiting its alleged non-infringing alternatives to those disclosed in its response to NPI Interrogatory No. 15, GPS Lockbox refused to do so. *Id.* at 2.

19. GPS Lockbox then represented that it had produced all the sales and cost information for its Ultra Pro 7, S3/S4, and Mega products. *Id.* at 3. To date, GPS Lockbox has not produced any financial information whatsoever for these products. GPS Lockbox has only produced such information for the Accused Products.

20. GPS Lockbox also refused to identify documents which support its inequitable conduct claim as requested in Interrogatory No. 16. *Id.* at 3. Although NPI was requesting documents that supposedly formed the basis of GPS Lockbox's counterclaims filed over a year and a half ago, GPS Lockbox claimed it was "impossible to identify all documents at this point." *Id.*

21. With respect to NPI's request for GPS Lockbox to provide a fulsome response to Interrogatory No. 17, GPS Lockbox failed to respond to NPI's request that it either identify any alleged competitive harm or confirm none exists. *Id.*

22. With respect to NPI's Interrogatory (No. 18) related to GPS Lockbox's own false marking of its products, GPS Lockbox claimed the interrogatory was "irrelevant." *Id.*

23. GPS Lockbox also felt that its response to NPI's Interrogatory No. 19, which requests information about GPS Lockbox's first knowledge of NPI's patented products, was "a proper response." *Id.* Yet GPS Lockbox's response was no response at all:

> GPS Lockbox does not have any specific first date for when GPS Lockbox first learned of the GDS products that copy GPS Lockbox's cradle-case-electronic device configuration. GPS Lockbox responds that such knowledge was likely obtained by seeing the products at a tradeshow or in an advertisement, and was after GPS Lockbox products with such configuration were already on sale.

**Exhibit G** at 69. In other words, GPS Lockbox appears to have done no investigation whatsoever to attempt to provide an answer to this Interrogatory.

TAMIMI DECLARATION - 4 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

## II. GPS LOCKBOX'S PATTERN OF REFUSING TO CONFER REGARDING DISCOVERY ISSUES

24. Counsel for GPS Lockbox has demonstrated a repeated pattern of failing to make themselves available for conferences pursuant to Local Civil Rule 37(a)(1) and Federal Rule of Civil Procedure 37(a)(1) and 37(d)(1)(B).

### A. GPS Lockbox Refused to Confer Regarding This Motion

25. Despite three requests from NPI for GPS Lockbox to make itself available for a conference pursuant to FRCP 37(d)(1)(B) after GPS Lockbox failed to timely respond to NPI's discovery requests, GPS Lockbox refused to confer and failed to even acknowledge NPI's request for conference.

26. On April 3, 2023, NPI sent a letter to GPS Lockbox, noting that GPS Lockbox had failed to timely serve responses to NPI's Second Interrogatories and Third Requests for Production, which were due on March 30, and "demand[ed] that GPS Lockbox make itself available no later than noon on Wednesday, April 5" to confer. **Exhibit E** at 2. NPI also highlighted GPS Lockbox's trend of refusing to confer on discovery issues. *Id.* ("Note that GPS Lockbox's refusal to confer on discovery issues is well-documented, and NPI can no longer tolerate any foot-dragging, particularly given the importance of the NPI's discovery requests at issue here.").

27. Counsel for GPS Lockbox did not respond to NPI's request to confer or provide any time which it was available for a conference. **Exhibit F**.

28. NPI then repeated its request for a conference to discuss GPS Lockbox's discovery responses, and proposed compromise that might avert motions practice. **Exhibit I** at 5–6; *id.* at 6 ("We remain available for our requested meet and confer for the remainder of the day today, and tomorrow before noon."). NPI also pointed that "[c]ritically, [GPS Lockbox] again brushed aside our request to confer even though we highlighted that GPS Lockbox's pattern of doing so was inappropriate and could no longer be tolerated." *Id.* at 5.

TAMIMI DECLARATION - 5 -
Case No. 2:20-CV-00428-DGE

Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, Washington 98101
telephone 206.389.4510
facsimile 206.389.4511

29. GPS Lockbox responded the following morning, on April 5 at roughly 5 AM PT, again ignoring NPI's request for a conference. *Id.* at 4. Counsel for GPS Lockbox stated that he could not reply via email because his "back went out yesterday evening" and he couldn't "sit a [sic] my computer more than 5 minutes at a time." *Id.* Counsel informed NPI, however, that he would "respond more specifically later this morning." *Id.*

30. NPI responded two hours later, again requesting a conference regarding the issues raised in this Motion. **Exhibit J** at 1. Noting that "[i]t sounds like you're available this morning," counsel for NPI informed counsel for GPS Lockbox that:

> I am at my desk right now (and will be available until noon) for the conference we've requested multiple times—and that you've refused to even acknowledge—related to the issues / requests we raised below. Given your inability to type, it seems that it would be easier to discuss these issues over the phone.

*Id.* A true and correct copy of an email correspondence, dated April 5, 2023, between counsel for NPI and GPS Lockbox is attached hereto as **Exhibit J**.

31. Counsel for GPS Lockbox never called.

32. Counsel for GPS Lockbox never made itself available to confer regarding the issues raised herein.

33. Counsel for GPS Lockbox never proposed times it was available to confer.

34. GPS Lockbox's final response stated that it "remain[ed] available for a meet and confer at a reasonable time in view of my general unavailability, if one is needed." **Exhibit I** at 4.

35. Unfortunately, GPS Lockbox's refusal to confer regarding this Motion is but the latest in a long-standing pattern of refusing to confer regarding discovery issues.

**B.    GPS Lockbox's Refusal to Confer Regarding the Production of Product Samples**

36. Attached hereto as **Exhibit K** is a true and correct copy of email correspondence between counsel for GPS Lockbox and counsel for NPI. This email thread details NPI's attempt

TAMIMI DECLARATION                          - 6 -                           FENWICK & WEST LLP
Case No. 2:20-CV-00428-DGE                                        1191 SECOND AVENUE, 10TH FLOOR
                                                                       SEATTLE, WASHINGTON 98101
                                                                         TELEPHONE 206.389.4510
                                                                          FACSIMILE 206.389.4511

to reach agreement concerning straightforward issues such as scheduling the deposition of a third-party witness and the production of product samples for inspection.

37. NPI first emailed counsel on March 13, requesting a time to produce and review each other's products "before Josh [King] leaves in April." *Id.* at 5. The email also requests that GPS Lockbox provide dates for a third-party's deposition. *Id.* Attempting to accommodate Mr. King's scheduled trip, counsel for NPI followed up the following day again requesting this information. *Id.* at 4. Two days later, on March 16, NPI again followed up. *Id.*

38. GPS Lockbox did not respond to NPI's first three emails.

39. On March 21, eight days after NPI sent its original request that GPS Lockbox provide product samples, NPI followed up for the fourth time, informing GPS Lockbox that "if you're unwilling to provide Ultra Pro 7 and other product samples please provide your availability to confer on or before Thursday, March 23." *Id.* at 4.

40. Counsel for GPS Lockbox responded but failed to respond to NPI's request for a conference about the production of product samples. *Id.* at 3.

41. NPI emailed the following morning asking GPS Lockbox to "[p]lease respond to my question about product samples or provide a time to confer today." *Id.*

42. After five more days went without a response from GPS Lockbox, NPI followed up, on March 27, asking GPS Lockbox "[p]lease also respond to my request for samples." *Id.*

43. GPS Lockbox did not respond.

44. On March 29—now mere days before Mr. King was scheduled to depart on his vacation—and two weeks after NPI initially requested a time to exchange product samples, NPI followed up, noting that GPS Lockbox had failed to respond or even acknowledge NPI's request for products samples. *Id.* at 2.

45. Only after NPI threatened a motion to compel did GPS Lockbox respond. *Id.* GPS Lockbox proposed exchanging samples on March 31. *Id.* NPI informed GPS Lockbox that March 31 did not work to review each other's product, but proposed a compromise or asked GPS Lockbox to propose some times the following week. *Id.* at 1.

TAMIMI DECLARATION
Case No. 2:20-CV-00428-DGE
- 7 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

46. GPS Lockbox did not respond.

47. In response to NPI's letter regarding GPS Lockbox's failure to respond to NPI's discovery requests, counsel for GPS Lockbox stated he believed there was not "any urgent need to respond" to NPI's requests seeking product samples and that he was "sure we'll find a date shortly after I return to town April 15." **Exhibit I** at 7.

### C. GPS Lockbox's Refusal and Delay in Conferring Regarding ESI Production

48. GPS Lockbox has also repeatedly attempted to avoid conferring regarding GPS Lockbox's production of electronically stored information.

49. The parties have attempted for over a year to agree to an order regarding the production of electronically stored information. In an effort to break the logjam over petty disagreements, and to get e-discovery moving in earnest, NPI compiled its ESI productions from the two related litigations[1] and produced virtually all of that material to GPS Lockbox. *See e.g.* **Exhibit L** at 5:

> You will be receiving ESI produced by NPI in both the Gamber and ProClip litigations shortly. Given the overlap of issues and patents between the cases, we believe this will provide the bulk—if not all—of the ESI GPS Lockbox needs from NPI in this case. We note that the volume of email you'll be receiving far exceeds the amount previously contemplated by the parties. We remain open to additional searching to the extent that GPS can show a need for additional documents, but we hope that you'll review our productions in detail before requesting additional searches.

A true and correct copy of an email correspondence, dated November 2, 2022-March 7, 2023, between counsel for NPI and GPS Lockbox is attached hereto as **Exhibit L**.

---

[1] The two related cases are or were *National Products Inc. v. ProClip USA, Inc.*, Case No. 20-cv-439 (W.D. Wisc.) ("*ProClip*") and *National Products Inc. v. Gamber-Johnson LLC*, Case No. 3:20-cv-1108 (W.D. Wisc.) ("*Gamber*"). In *ProClip*, NPI asserted infringement of two of the four patents-at-issue in this case, U.S. Patent Nos. 9,706,026 and 10,454,515. NPI additionally asserted infringement of another related patent, U.S. Patent No. 10,778,275. The *Gamber* case concerned allegations of infringement of U.S. Patent No. 9,706,026. Both the *ProClip* and *Gamber* defendants asserted inequitable conduct as a defense based solely on the information provided in GPS Lockbox's pleadings in this case.

TAMIMI DECLARATION
Case No. 2:20-CV-00428-DGE

- 8 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

50. At GPS Lockbox's request, NPI also provided a detailed summary of the extensive searching it had performed to locate all relevant ESI in both of those cases and this case. A true and correct copy of the letter detailing NPI's searches is attached hereto as **Exhibit M**.

51. After producing over 55,000 documents, the majority of which were emails and other ESI documents, amounting to nearly 110,000 pages, NPI hoped it would receive a reciprocal production from GPS Lockbox. *See* **Exhibit L** at 5 ("On our end, we need to obtain ESI from GPS Lockbox. . . . It is more important to us that we receive this ESI—namely, emails—in a timely fashion rather than how we get there. In other words, we can reach a simple agreement between the parties rather than worry about the form of an ESI protocol.").

52. NPI ended its February 28 email requesting that GPS Lockbox agree to NPI's proposal, or "please provide your availability to confer this week." *Id.* at 6. NPI further noted that the parties "need to get going on ESI production to timely complete depositions and fact discovery on the new schedule, and we would prefer to tee up any issues for the Court sooner rather than later." *Id.*

53. GPS Lockbox did not respond.

54. NPI followed up three days later on March 3. *Id.* at 4–5. NPI noted that "[t]he case schedule no longer affords time for us to wait weeks for you to respond to each of our emails." NPI reiterated its request that GPS Lockbox "confirm [its] agreement to the protocol below or provide a time next week when you are available to confer. *Id.* at 5.

55. GPS Lockbox did not respond.

56. NPI followed up again on Tuesday, March 7. *Id*. at 4 ("Chris and Josh—please respond. You will be receiving another large ESI production by the end of the week. Please provide your availability this week to confer about our proposed protocol below and a schedule for reciprocal supplementation of ROG responses.").

57. Counsel for GPS Lockbox replied, stating that "I'll fully [sic] in by Thursday. I have several filings due tomorrow." *Id.* at 4.

TAMIMI DECLARATION
Case No. 2:20-CV-00428-DGE
- 9 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

58. Counsel for NPI immediately followed up, proposing the parties confer at 10am that Thursday, March 9. *Id*. at 3.

59. Counsel for GPS Lockbox then refused to confer, stating that he'll be "responding in writing first," and that while "[a] phone call may be helpful," "I suggest you read my responses first." *Id.*

60. NPI responded shortly thereafter, yet again requesting the conference:

> Hi Josh,
>
> We're going to have to insist that we keep this phone call scheduled. You have two lawyers on your side and have had over a week to assess our proposal. A conference is required to the extent we need yet again to move to compel GPS Lockbox to comply with its basic discovery obligations. We've been trying to obtain ESI from GPS Lockbox for nearly two years; ESI GPS Lockbox stated it has already collected and was simply waiting for search terms to run. We see no reason for further delay and, as we previously noted, the case schedule no longer affords us time to wait.
>
> Please provide your position sufficiently in advance of our call so we can have a meaningful discussion on Thursday.

*Id.*

61. Counsel for GPS Lockbox responded that "[w]e are not refusing to have an [sic] meet and confer," but also that he would respond in writing and did not agree to confer until "we have enough written correspondence for it to be helpful." *Id.* at 2.

62. After one last attempt to gain agreement to confer at 10am Thursday March 9, *id.* at 2, GPS Lockbox responded forcefully that it would not attend any such conference but that it was also not refusing to participate in a meet and confer. *Id.* at 1.

63. GPS Lockbox's refusal to engage prompted a letter from NPI on March 7, 2023 describing GPS Lockbox's clear refusal to properly engage and confer. A true and correct copy is attached hereto as **Exhibit N**.

64. In response, counsel for GPS Lockbox claimed that "GPS Lockbox never said that it was available for a telecon at 10am on Thursday. In fact, it is not." **Exhibit O** at 5. He further stated that "GPS Lockbox will propose a reasonable time for an [sic] meet and confer after it

TAMIMI DECLARATION — - 10 - — FENWICK & WEST LLP
Case No. 2:20-CV-00428-DGE
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

replies to the prior emails and letters from NPI." *Id.* at 5.  A true and correct copy of the email correspondence reflecting these statements by counsel for GPS Lockbox is attached as **Exhibit O**.

65. Counsel for NPI again requested a meet and confer. *Id.* at 4 ("Give us another time on Thursday if 10 am is problematic. You did indicate that Thursday would work for you, after you took care of filings due on Wednesday. . . . Tell me when you can talk on Thursday.").

66. Counsel for GPS Lockbox responded with "What is so magical about Thursday?" *id.* at 4, and later stated that "I said that I was available to send out written responses, not for a phone call." *Id.* at 3.  Counsel indicated that he "might be available Thursday about 3 for a telecon. If not, I can talk with Jonathan on Friday (I think). I also need to check Chris's schedule." *Id.* at 3.

67. After counsel for GPS Lockbox failed to follow up, NPI requested yet another time to confer. *Id.* at 2 ("Josh, can you please confirm that you are available today at 3pm to confer? Alternatively, can you provide a time between 1pm and 3pm tomorrow (Friday) when you are available?").

68. Counsel for GPS Lockbox declined to commit to either time. *Id.* at 2 ("Chris is not available today, and I have doctor's appointments for my kids this afternoon. We will be replying to your emails as I said previously. I think we could talk tomorrow or Monday, or other day.").

69. In response, NPI again requested a time to confer. *Id.* at 1 ("We need a date certain when you can confer. You said you were available tomorrow (Friday)—is that no longer true? If not, please provide times on Monday when the appropriate individuals with authority to discuss discovery on behalf of GPS Lockbox are available.").

70. Counsel for GPS Lockbox then indicated that "Monday should be ok," *id.*, and the parties finally agreed to a conference on Monday March 13, at 10am.

71. Unsurprisingly, the parties made more progress during their brief time on the phone than through weeks of trading emails.  The parties were able to agree on a timeline to

TAMIMI DECLARATION - 11 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

"exchange mutual supplemental ROG responses," **Exhibit D** at 1, and "discussed NPI's proposed ESI protocol for the searching of GPS Lockbox ESI, including email." *Id.*

72.  Because counsel for GPS Lockbox wanted to "confer offline about whether and how quickly it could run the searches [NPI] requested," "the parties agreed to reconvene [the following day—March 14] at 10am." *Id.*

73.  Remarkably, counsel for GPS Lockbox attempted to cancel the agreed meet and confer just minutes before it was scheduled to begin.  **Exhibit P** at 3.  A true and correct copy of the email correspondence regarding GPS Lockbox's attempt to cancel the agreed meet and confer is attached hereto as **Exhibit P**.  At 9:50am on March 14, counsel for GPS Lockbox emailed NPI, agreeing to run search terms as NPI requested, but leaving indefinite the timeline for GPS Lockbox's production.  *Id.* at 3 ("Once we've agreed on such searching, we can also agree on a date for mutual exchange of the ESI.").  Counsel then stated "I suggest that we don't need a further meet and confer, at least at this time. If needed, let's talk tomorrow (Wednesday March 15) at 11:00am. *Id.*

74.  Given the inordinate amount of time and effort it took get GPS Lockbox to confer initially, and the agreement to confer that very day, NPI strenuously objected:

> Josh—this is unacceptable. We need GPS Lockbox to commit to running our searches and a date certain when it will produce ESI. Notably, you mentioned you were leaving the country at the beginning of April. We need GPS Lockbox to perform its searches and produce these documents before then. We do not agree that GPS Lockbox may continue to withhold ESI contingent on NPI running additional searches or any future mutual exchanges.
>
> . . .
>
> We will be on the line at 10am today. We expect GPS Lockbox will also be on, as we agreed to yesterday.

*Id.* at 2.

75.  The parties ultimately conferred as agreed, and again made significant progress during that call.  The parties agreed that NPI would provide GPS Lockbox with a summary of the prior searches that culminated in its ESI production in this case.  *Id.* at 1.  As previously noted, NPI provided that information to GPS Lockbox.  *See* **Exhibit M**.

TAMIMI DECLARATION - 12 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

76. GPS Lockbox also committed to running NPI's proposed ESI protocol and to produce the resulting documents by March 31. **Exhibit P** at 1.

77. Unfortunately, as of the date of this filing, GPS Lockbox has not fulfilled its end of the bargain. Counsel for GPS Lockbox informed NPI just one day before the agreed deadline to produce documents that GPS Lockbox was having technical issues. **Exhibit Q** at 3. A true and correct copy of the email correspondence regarding GPS Lockbox's technical issues is attached hereto as **Exhibit Q**. After the agreed deadline, counsel for GPS Lockbox informed NPI that it had just generated hit counts. *Id.* at 2–3. The parties continued a discussion about GPS Lockbox's production on April 3. *Id.* at 1–2. And at NPI's request, GPS Lockbox indicated it would "start production" of documents that hit on certain terms. *Id.* As of filing, that production has not started, but GPS Lockbox has indicated that it is coming soon.

78. Additionally, on April 4, I received a voicemail from counsel for GPS Lockbox, Mr. Villani, informing me of additional information he had learned regarding GPS Lockbox's document collection. He followed up in an email later than day about the same issues. **Exhibit R** at 4. A true and correct copy of the email correspondence regarding GPS Lockbox's document collection is attached hereto as **Exhibit R**.

79. As opposed to discourse with Mr. King, discourse with Mr. Villani has been reasonable. *See generally id.* Mr. Villani has repeatedly made himself available to confer about GPS Lockbox's ESI production, *id.* at 2, 4, and, notwithstanding the delay in GPS Lockbox's ESI production, the parties appear to have been able to make significant progress on issues where Mr. Villani takes the lead. *Id.* at 1.

### III. GPS LOCKBOX'S PRIOR FAILURES TO PARTICIPATE IN DISCOVERY IN GOOD FAITH

80. The Court has previously had to intervene to force GPS Lockbox to comply with its discovery obligations. NPI filed a motion to compel on June 30, 2022, requesting the Court order GPS Lockbox to provide information that is so routinely produced in patent cases some jurisdictions require it as part of standing orders. *See* Dkt. 104 at 1–2. Up until that point, GPS

TAMIMI DECLARATION - 13 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

Lockbox had refused to provide this basic information without first entering into an agreement concerning the discovery of ESI, even though courts in this district had rejected that very argument. *Id.* at 5–6. GPS Lockbox jettisoned that argument in its response to NPI's motion to compel, and instead argued that NPI failed to meet and confer and that, if the parties simply discussed the issues, they would be resolved. Dkt. 108. The Court subsequently ordered the parties to re-confer on the issues. Dkt. 111.

81. The parties were unable to resolve their dispute and jointly filed a notice to the Court. Dkt. 115. GPS Lockbox reverted back to its prior position that it would not produce ESI until an order was entered. *Id.* at 4.

82. Yet when the parties arrived at the October 5 hearing scheduled on NPI's motion to compel, counsel for GPS Lockbox suddenly abandoned all of GPS Lockbox's objections to the discovery NPI sought and informed the Court the production would be forthcoming shortly. Dkt. 120.

83. In short, only after numerous letters, a meet and confer, a motion to compel, a second meet and confer, a joint statement, and a hearing in front of the Court did GPS Lockbox produce discovery that it ultimately conceded it had no basis to withhold.

## IV. ADDITIONAL FACTS RELEVANT TO THIS MOTION

84. Mr. Dovey, the principal of GPS Lockbox, was deposed in *ProClip*. His testimony was contrary to and undermined GPS Lockbox's counterclaims with respect to the availability of the Ultra Pro 7.

85. NPI produced documents from its Salesforce database related to its correspondence with Mr. Dovey and GPS Lockbox which are bates numbered NPI-GPSLB00108801– NPI-GPSLB00109479. That database contained detailed records of every NPI interaction with Mr. Dovey and GPS Lockbox, including emails and summaries of in-person meetings and phone calls with Mr. Dovey and other individuals from 2012 through present. Those documents show that Mr. Dovey met with individuals at NPI's headquarter in April of

TAMIMI DECLARATION - 14 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**2013**, before the Ultra Pro 7 existed, and in February of **2015**, long after the relevant time period alleged in GPS Lockbox's counterclaims.

86. Just as Mr. Dovey and GPS Lockbox have failed to produce a single document corroborating a March or April meeting in **2014**, NPI's records also fail to evidence any such meeting.

87. Despite overwhelming evidence that a March or April 2014 meeting did not occur, GPS Lockbox has steadfastly maintained its claim that Mr. Dovey's story is true.

88. GPS Lockbox's advertisements for relevant products since 2014 describe them as patented or patent pending.

89. NPI has also produced documents that show that NPI's principal place of business was torn down to the studs at the time Mr. Dovey alleges the meeting at the building occurred. Those documents are Bates numbered NPI-GPSLB_00074383- NPI-GPSLB_00074881.

TAMIMI DECLARATION - 15 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Seattle, Washington on April 6, 2023.

                                              */s/ Jonathan G. Tamimi*
                                                    Jonathan G. Tamimi

TAMIMI DECLARATION
Case No. 2:20-CV-00428-DGE

- 16 -

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

# CERTIFICATE OF SERVICE

I, Jonathan Tamimi, hereby certify that on April 6, 2023, I caused the foregoing **DECLARATION OF JONATHAN G. TAMIMI IN SUPPORT OF NATIONAL PRODUCTS INC.'S MOTION FOR DISCOVERY SANCTIONS AND TO COMPEL DISCOVERY** to be served on the following parties as indicated below:

| | |
|---|---|
| **Joshua King (WSBA No. 22244)**<br>King IP Law<br>PO Box 50205<br>Bremerton, WA 98015<br><br>*Attorney for Defendant/Counterclaim Plaintiff*<br>INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email<br>    jking@king-iplaw.com |
| **Christopher Villani (WSBA No. 21504)**<br>Compass Rosa Law<br>1225 East Sunset Dr., Ste. 145-4860<br>Bellingham, WA 98226<br><br>*Attorney for Defendant/Counterclaim Plaintiff*<br>INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email<br>    chris@compassrosa.us |

Dated: April 6, 2023

By: */s/ Jonathan Tamimi*
For Jonathan Tamimi, WSBA No. 54858
FENWICK & WEST LLP

TAMIMI DECLARATION
Case No. 2:20-CV-00428-DGE
- 17 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511