HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX, <br><br> Defendant. | Case No. 2:20-cv-00428-DGE <br><br> **NATIONAL PRODUCTS INC.'S MOTION FOR ATTORNEYS' FEES** <br><br> <u>Note On Motion Calendar:</u> <br> **October 20, 2023** <br><br> **REDACTED VERSION** <br><br> **JURY TRIAL DEMANDED** |
| INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> NATIONAL PRODUCTS INC., <br><br> Counterclaim Defendant. | |

NPI'S MOTION FOR ATTORNEYS' FEES
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**TABLE OF CONTENTS**

Page

I. INTRODUCTION & BACKGROUND ........................................................................... 1

II. NPI'S ATTORNEYS' FEES REQUEST IS REASONABLE ........................................... 2

    A. The Number of Hours Expended is Reasonable ..................................................... 2

    B. Counsel's Hourly Rates are Reasonable ................................................................. 4

III. CONCLUSION .................................................................................................................. 5

NPI'S MOTION FOR ATTORNEYS' FEES   - i -   FENWICK & WEST LLP
Case No. 2:20-CV-00428-DGE   401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Burdette v. Steadfast Commons II, LLC*,
 No. 11-980-RSM, 2012 WL 12883114 (W.D. Wash. Nov. 19, 2012) ................................... 2

*City of Burlington v. Dague*,
 505 U.S. 557 (1992) ............................................................................................................ 2

*Clark v. Golden Specialty, Inc.*,
 No. C14-1412 TSZ, 2017 WL 516163 (W.D. Wash. Feb. 8, 2017) ......................................... 4

*Eat Right Foods, Ltd v. Whole Foods Mkt. Servs., Inc.*,
 No. C13-2174RSM, 2015 WL 11233198 (W.D. Wash. Feb. 18, 2015) .................................. 2

*Experience Hendrix, L.L.C. v. James Marshall Hendrix Found.*,
 No. C03-3462Z, 2005 WL 2922179 (W.D. Wash. Nov. 4, 2005) .......................................... 4

*GT Dev. Corp. v. Temco Metal Prods. Co.*,
 No. C04-0451Z, 2005 WL 2138546 (W.D. Wash. Aug. 31, 2005) ......................................... 4

*Hawkins v. Ace Am. Ins. Co.*,
 No. 21-cv-01459-RAJ, 2023 WL 2584909 (W.D. Wash. Mar. 21, 2023) .............................. 4

*Jung v. Liberty Mut. Fire Ins.*,
 No. C22-5127RSL, 2023 WL 2266088 (W.D. Wash. Feb. 28, 2023) ..................................... 2

*McGrath v. Cnty. of Nev.*,
 67 F.3d 248 (9th Cir. 1995) ................................................................................................. 2

*Meppelink v. Wilmington Sav. Fund Soc'y FSB*,
 No. C19-5655RJB, 2020 WL 3574264 (W.D. Wash. July 1, 2020) ....................................... 2

*Red Lion Hotels Franchising, Inc. v. Century-Omaha Land, LLC.*,
 No. 18-CV-0131-TOR, 2019 WL 691402 (E.D. Wash. Feb. 19, 2019) ................................... 4

## I. INTRODUCTION & BACKGROUND

Per the Court's Order on Discovery Motions, Dkt. 189 at 7, NPI seeks $37,577.70 in fees incurred with bringing its Motion for Discovery Sanctions and to Compel Discovery, Dkt. 130.

NPI's requested fees are reasonable. NPI's Motion was far more than a routine motion to compel as NPI was forced to address a host of problematic behavior by GPS. That included GPS's failure to provide timely responses to NPI's requests for production and interrogatories, Dkt. 130 at 5–7, GPS's refusal to provide proper responses when notified of its tardiness, *id.* at 6–7, and GPS's continued withholding of relevant discovery even after providing deficient responses, *id.* at 7; Dkt. 144 at 4–6.

NPI also had to detail its extensive but unsuccessful efforts to confer with counsel for GPS, Dkt. 130 at 2–3, 8, which was a factor in the Court's award of attorneys' fees to NPI. Dkt. 189 at 7 ("The Court finds Defendant failed to confer in good faith with respect to [NPI's] motion."). The Court specifically referenced counsel's declaration detailing those efforts in its Order. *Id.* at 6 (citing Dkt. 131 [Tamimi Declaration in support of NPI's Motion] at 6–13).

And GPS's Opposition made NPI's reply far from straightforward. Rather than simply addressing the discovery deficiencies identified by NPI, GPS spent many pages defending its inequitable conduct claim, Dkt. 136 at 2–4, 9–13, including by submitting four new witness declarations, Dkts. 137–139, 141, and argued that NPI—rather than GPS—failed to confer in good faith, *id.* at 1, 4–6.

The result was ▮ hours of legal work for two attorneys and ▮ hours of work for one paralegal, who was required to perform fact and legal cite checking for myriad issues. Given the circumstances, the time NPI's counsel spent on the Motion is reasonable, particularly considering that NPI was attempting to obtain information necessary to rebut GPS's antitrust allegations—counterclaims for which GPS seeks $20 million dollars. For the same reasons, NPI's $37,577.70 fee request is reasonable. NPI was billed and has paid that amount. The Court should grant NPI's Motion for Attorneys' Fees in full.

NPI'S MOTION FOR ATTORNEYS' FEES — - 1 -  
Case No. 2:20-CV-00428-DGE

Fenwick & West LLP  
401 Union Street, 5th Floor  
Seattle, Washington 98101  
telephone 206.389.4510  
facsimile 206.389.4511

## II. NPI'S ATTORNEYS' FEES REQUEST IS REASONABLE

Courts in this Circuit evaluate the reasonableness of attorneys' fees using the "lodestar approach." *Burdette v. Steadfast Commons II, LLC*, No. 11-980-RSM, 2012 WL 12883114, at *1 (W.D. Wash. Nov. 19, 2012). The "lodestar" is calculated "by multiplying the number of hours . . . the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v. Cnty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995). "The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question." *Eat Right Foods, Ltd v. Whole Foods Mkt. Servs., Inc.*, No. C13-2174RSM, 2015 WL 11233198, at *3 (W.D. Wash. Feb. 18, 2015) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987)). There is a strong presumption that fees calculated in this way are reasonable. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

### A. The Number of Hours Expended is Reasonable

The first step in the lodestar calculation is to determine whether the total hours spent were reasonable. In the Ninth Circuit, the "number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Meppelink v. Wilmington Sav. Fund Soc'y FSB*, No. C19-5655RJB, 2020 WL 3574264, at *7 (W.D. Wash. July 1, 2020) (internal citation omitted). "The party requesting fees bears the burden of documenting the hours expended and providing evidence in support of those hours worked." *Jung v. Liberty Mut. Fire Ins.*, No. C22-5127RSL, 2023 WL 2266088, at *2 (W.D. Wash. Feb. 28, 2023) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)).

Counsel for NPI spent ▮ hours drafting NPI's Motion and responding to GPS's Opposition. Those hours are documented in the accompanying Declaration of David K. Tellekson. Tellekson Decl. Ex. D (Bill). NPI is seeking to recover on those fees directly related to work performed for the Motion. Tellekson Decl. ¶ 13. NPI's counsel has reviewed its time entries, removed any entries related to work unrelated to NPI's Motion to Compel and for Discovery Sanctions, including time entries for drafting correspondence with GPS related to its

NPI'S MOTION FOR ATTORNEYS' FEES - 2 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

discovery responses, attempts to confer, and for reviewing GPS's responses. *Id.* In other words, only time entries directly related to drafting, reviewing, and editing the Motion, reply, and supporting declaration have been included, as well as time spent analyzing GPS's response to the Motion. Further, any time entries that included work that was not directly related to drafting the Motion or that was not ultimately used in responding to GPS's Opposition have been reduced to accurately reflect time only spent on the Motion. *Id.*

The time NPI's counsel spent with respect to its Motion to Compel and for Discovery Sanctions is reasonable given the nature of this case and the information sought in that Motion, particularly as it relates to GPS's claim for damages. GPS seeks $20 million from NPI for alleged antitrust violations predicated on its inequitable conduct claims. Tellekson Decl. ¶ 14. Discovery undermining GPS's antitrust and inequitable conduct claims was the focus of much of the discovery sought in NPI's Motion, and so it was both reasonable and necessary for NPI and its counsel to devote ample time and attention to addressing GPS's discovery deficiencies. Moreover, in addition to explaining the relevance of the discovery sought and how GPS's responses were deficient, NPI had to brief sanctions for GPS's failure to timely provide those responses as well as for GPS's failure to meet and confer on NPI's Motion. And because GPS's Opposition did not simply address its discovery misconduct, but instead argued (incorrectly) that NPI itself failed to meet and confer and that its affirmative claims were well-supported, NPI was forced to spend additional time and resources analyzing the Opposition, and responding to it, than normally would have been required.

Given all that, the request for a fee award for ▆ hours of attorney time—to research and brief two motions—is modest. Likewise, ▆ hours of paralegal time to perform legal and fact cite checking on two briefs and a factually intensive declaration detailing NPI's months-long efforts to engage with GPS,[1] and gathering exhibits and emails reflecting those efforts, is reasonable.

---

[1] There are over two-hundred factual citations in NPI's Motion, the supporting declaration, and NPI's reply brief combined.

NPI'S MOTION FOR ATTORNEYS' FEES
Case No. 2:20-CV-00428-DGE

- 3 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

### B. Counsel's Hourly Rates are Reasonable

"The reasonable hourly rate is usually determined by reference to the rates charged by lawyers in the same legal community with comparable skills and reputations." *GT Dev. Corp. v. Temco Metal Prods. Co.*, No. C04-0451Z, 2005 WL 2138546, at *1 (W.D. Wash. Aug. 31, 2005). "Also relevant are the 'time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case.'" *Red Lion Hotels Franchising, Inc. v. Century-Omaha Land, LLC.*, No. 18-CV-0131-TOR, 2019 WL 691402, at *4 (E.D. Wash. Feb. 19, 2019). "Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate." *Experience Hendrix, L.L.C. v. James Marshall Hendrix Found.*, No. C03-3462Z, 2005 WL 2922179, at *4 (W.D. Wash. Nov. 4, 2005), *aff'd sub nom.*, 240 F. App'x 739 (9th Cir. 2007). "Affidavits of the attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for an attorney, are satisfactory evidence of the prevailing market rate." *Hawkins v. Ace Am. Ins. Co.*, No. 21-cv-01459-RAJ, 2023 WL 2584909, at *2 (W.D. Wash. Mar. 21, 2023); *Clark v. Golden Specialty, Inc.,* No. C14-1412 TSZ, 2017 WL 516163, at *2 (W.D. Wash. Feb. 8, 2017) ("Rate determinations in other similar cases and affidavits of the plaintiff's attorneys and other attorneys regarding prevailing fees in the community 'are satisfactory evidence of the prevailing market rate.'").

Fenwick's rates mirror prevailing rates for similar work. Tellekson Decl. ¶¶ 4–9. Again, the potential exposure on GPS's antitrust claim is tens of millions of dollars. The discovery sought by NPI's discovery requests and in its Motion have confirmed that there is no basis for GPS's claims. In its Motion, NPI was represented by two Fenwick attorneys who have many years of experience. *See* Tellekson Decl. ¶¶ 2–3 (outlining qualifications of counsel). And the hourly rates that Fenwick is seeking are the same or below that Fenwick charges its clients and are established billing rates for NPI in particular. *Experience Hendrix*, 2005 WL 2922179, at *4; Tellekson Decl. ¶ 3.

In sum, the skill and experience of NPI's attorneys justifies their hourly rates.

NPI'S MOTION FOR ATTORNEYS' FEES — - 4 -
Case No. 2:20-CV-00428-DGE

Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, Washington 98101
Telephone 206.389.4510
Facsimile 206.389.4511

### III. CONCLUSION

For these reasons, NPI respectfully requests that the Court grant it Motion for Attorneys' Fees in full.

Dated:   October 5, 2023

Respectfully submitted,

FENWICK & WEST LLP

By: *s/David K. Tellekson*
David K. Tellekson, WSBA No. 33523
Jonathan T. McMichael, WSBA No. 49895
Jessica M. Kaempf, WSBA No. 51666
Jonathan G. Tamimi, WSBA No. 54858
Michelle E. Irwin, WSBA No. 58951
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:   206.389.4510
Facsimile:   206.389.4511
Email:   dtellekson@fenwick.com
         jmcmichael@fenwick.com
         jkaempf@fenwick.com
         jtamimi@fenwick.com
         mirwin@fenwick.com

Attorney for Plaintiff/Counterclaim Defendant
NATIONAL PRODUCTS INC.

NPI'S MOTION FOR ATTORNEYS' FEES
Case No. 2:20-CV-00428-DGE

- 5 -

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

# CERTIFICATE OF SERVICE

I, Sharie L. Parks, hereby certify that on October 5, 2023, I caused the foregoing **NATIONAL PRODUCTS INC.'S MOTION FOR ATTORNEYS' FEES** to be served on the following parties as indicated below:

| | |
|---|---|
| **Joshua King (WSBA No. 22244)**<br>King IP Law<br>PO Box 50205<br>Bellevue, WA 98015<br><br>*Attorney for Defendant/Counterclaim Plaintiff*<br>INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email<br>    jking@king-iplaw.com |
| **Christopher Villani (WSBA No. 21504)**<br>Compass Rosa Law<br>1225 East Sunset Dr., Ste. 145-4860<br>Bellingham, WA 98226<br><br>*Attorney for Defendant/Counterclaim Plaintiff*<br>INNOVATIVE INTELLIGENT PRODUCTS, LLC D/B/A GPS LOCKBOX | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email<br>    chris@compassrosa.us |

Dated: October 5, 2023                    By: *s/Sharie L. Parks*
                                               For David K. Tellekson, WSBA No. 33523
                                               FENWICK & WEST LLP

**LCR 7(e) WORD-COUNT CERTIFICATION**

As required by Western District of Washington Local Civil Rule 7(e), I certify that this motion contains 1480 words.

Dated: October 5, 2023

                                        FENWICK & WEST LLP

                                        By: *s/David K. Tellekson*
                                                David K. Tellekson, WSBA No. 33523

NPI'S MOTION FOR ATTORNEYS' FEES — - 7 -
Case No. 2:20-CV-00428-DGE

FENWICK & WEST LLP
401 UNION STREET, 5TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511