UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC,<br><br>      Plaintiff,<br>  v.<br><br>INNOVATIVE INTELLIGENT<br>PRODUCTS LLC d/b/a GPS LOCKBOX,<br><br>      Defendant. | CASE NO. 2:20-cv-00428-DGE<br><br>ORDER ON MOTION FOR<br>ATTORNEY FEES |

Presently before the Court is Plaintiff's motion for attorney fees. (Dkt. No. 192.) For the reasons discussed below, the motion is GRANTED.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On September 25, 2023, the Court issued an order on several discovery motions filed by the parties. (Dkt. No. 189.) One of these motions was Plaintiff's Motion for Sanctions and to Compel Discovery ("Motion"). In the Motion, Plaintiff argued Defendant failed to provide timely responses to Plaintiff's Second Set of Interrogatories and Third Set of Requests for Production.

1     With respect to Plaintiff's Motion, the Court found Defendant failed to establish good cause for failing to object in a timely manner to Plaintiff's discovery requests. (*Id.* at 5.) The Court further found Defendant failed to confer in good faith with Plaintiff regarding Plaintiff's discovery requests and granted Plaintiff's motion for sanctions. (*Id.* at 5–7.) The Court permitted Plaintiff to file a motion for attorney fees for costs incurred in bringing its Motion for Sanctions and to Compel Discovery. (*Id.* at 7.)

    Plaintiff filed its motion for attorney fees on October 5, 2023. (Dkt. Nos. 192, 194.)

## II.    LEGAL STANDARD

    The lodestar method is "the default principle for fee calculation in Washington." *See Brand v. Dep't of Labor & Indus.*, 989 P.2d 1111, 1119 (Wash. 1999). Washington law presumes a properly calculated lodestar figure represents reasonable compensation for counsel. *Henningsen v. Worldcom, Inc.*, 9 P.3d 948, 959 (Wash. Ct. App. 2000).

    The lodestar method multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir.1995). After calculating this, courts then assess whether it is necessary to adjust the presumptively reasonable lodestar figure based on twelve factors. *Id*. at 252 n. 4; *see Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 70 (9th Cir.1975) (describing the twelve factors)

## III.    DISCUSSION

    Plaintiff seeks a total of $37,577.70 in fees incurred with bringing its Motion. (Dkt. No. 194 at 4.) Plaintiff contends the fees charged by its law firm, Fenwick West, are reasonable and were incurred in an effort to address "a host of problematic behavior" by Defendant's counsel. (*Id.*) Defendant has filed a motion for reconsideration of the Court's order, but does not otherwise oppose Plaintiff's motion.

ORDER ON MOTION FOR ATTORNEY FEES - 2

A. Lodestar Analysis

    1. <u>Reasonableness of Fees</u>

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 866, 895 n.11 (1984).

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The court may also rely on its own knowledge and experience in determining what rates are reasonable. *See Salyer v. Hotels.com GP, LLC*, Case No. C13-1966-RSL, 2015 WL 3893079, at *2 (W.D. Wash. June 23, 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

In support of its motion, Plaintiff submitted a declaration from its attorney of record in this case, David K. Tellekson. (Dkt. No. 195.) In his declaration, Tellekson describes his own experience as an attorney. (*Id.* at 2–3.) Tellekson also describes the experience of his co-counsel, Jonathan G. Tamimi and the experience of Lawrence Gallwas, a senior litigation paralegal at Fenwick West. (*Id.* at 3.) Tellekson contends the rates charged by himself, Tamimi and Gallwas are reasonable given their experience and as compared to other law firms with similar experience in the Seattle area. (*Id.* at 3.) Tellekson cites cases from elsewhere in the

Ninth Circuit in which courts have found Fenwick West's rates to be reasonable in intellectual property cases. (*Id.* at 6.) Tellekson also cites articles from news sources describing the prevailing market rates for attorneys at prominent law firms. (Dkt. No. 195-3.) According to Plaintiff's attorney, these articles support the rates its attorneys are charging Plaintiff in this litigation.

The Court normally would look for evidence of hourly rates attorneys are charging for patent litigation in the Seattle area, which usually would be presented by way of a declaration from an attorney experienced in the field but not part of this litigation. Notwithstanding, the Court understands reputable firms with experienced attorneys do command significant hourly rates as identified in the articles Plaintiff cites. Moreover, the Defendant in this case has not put forth any evidence challenging the hourly rates Plaintiff asserts are reasonable. Accordingly, the Court concludes the hourly attorney and paralegal rates Plaintiff's attorneys identify appear to be in line with those charged by attorneys of comparable skill, experience and reputation in the Seattle area.

2. <u>Reasonableness of Hours Worked</u>

Fenwick and West have submitted detailed billing records for the hours spent working on Plaintiff's Motion. (Dkt. No. 195-4.)

When submitting a motion for attorney fees, a prevailing party may submit records containing entries for hours that are "excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir.2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The Court has reviewed the billing records submitted by Fenwick and West and finds no entries that are obviously excessive, redundant, or otherwise unnecessary.

ORDER ON MOTION FOR ATTORNEY FEES - 4

## IV.   ORDER

Plaintiff's motion for attorney fees (Dkt. No. 192) is GRANTED.  Plaintiff's motion to seal (Dkt. No. 190) is GRANTED.  Plaintiff is awarded **$37,577.70** in attorney fees.

Dated this 26th day of December, 2023.



David G. Estudillo
United States District Judge