UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC, <br><br> Plaintiff, <br> v. <br><br> INNOVATIVE INTELLIGENT PRODUCTS LLC d/b/a GPS LOCKBOX, <br><br> Defendant. | CASE NO. 2:20-cv-00428-DGE <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

Presently before the Court is Defendant's motion for partial reconsideration and clarification of the Court's order on various discovery motions. (Dkt. No. 196.) For the reasons discussed below Defendant's motion is DENIED.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

On September 25, 2023, the Court issued an order on several discovery motions filed by the parties. (Dkt. No. 189.)

At issue in Plaintiff's Motion for Sanctions and to Compel Discovery was whether Defendant failed to provide timely responses to Plaintiff's Second Set of Interrogatories and

1  Third Set of Requests for Production.  Plaintiff served its Second Set of Interrogatories and Third
2  Set of Requests for Production on Defendant via email on February 28, 2023.  (Dkt. Nos. 131-1;
3  131-2.)  The same day, Plaintiff's counsel sent Defendant's counsel an email proposing the
4  parties supplement their prior interrogatory responses by April 14, 2023.  (Dkt. No. 131-3 at 2.)
5  On March 13, 2023, Plaintiff's counsel emailed Defendant's counsel to memorialize the parties'
6  agreement to exchange supplemental interrogatory responses, and to update any other discovery
7  responses wherein a party's response might no longer be accurate, by April 21, 2023.  (Dkt. No.
8  131-4 at 2.)  Plaintiff identified prior responses to specific interrogatories that it was requesting
9  be supplemented by April 21.  (*Id.*)  The email makes no mention of the Second Set of
10 Interrogatories and Third Set of Requests for Production.  (*Id.*)

11       With respect to Plaintiff's Motion, the Court found Defendant failed to establish good
12 cause for failing to object in a timely manner to Plaintiff's discovery requests.  (Dkt. No. 189 at
13 5.)  The Court further found that by failing to do so, Defendant waived its objections to
14 Plaintiff's discovery requests.  (*Id.*)  The Court ordered Defendant to provide further responses,
15 without objections, to requests for production 85, 86, 87, 88 and 91 within five days of the
16 Court's order.  (*Id.*)  The Court further found Defendant failed to confer in good faith with
17 Plaintiff regarding Plaintiff's discovery requests and granted Plaintiff's motion for sanctions.
18 (*Id.* at 5–7.)  The Court permitted Plaintiff to file a motion for attorney fees for costs incurred in
19 bringing its Motion for Sanctions and to Compel Discovery.  (*Id.* at 7.)

20       The Court also considered Defendant's Motion to Compel Production of NPI Calendars.
21 (*Id.* at 14–16.)  The Court denied Defendant's Motion, finding both parties conceded they had
22 sufficient information to resolve questions concerning a 2014 meeting, even though the parties
23 disagreed concerning what inferences were supported by the evidence.  (*Id.* at 16.)  The Court
24

ORDER DENYING MOTION FOR RECONSIDERATION - 2

found producing NPI's calendars would be unduly burdensome on Plaintiff and likely would not help resolve any issues in this case. (*Id.*)

## II.     LEGAL STANDARD

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

## III.     DISCUSSION

**A. Defendant's Argument**

   1. <u>Motion for Sanctions and to Compel Discovery</u>

Defendant's counsel believed the parties agreed to respond to *all* outstanding discovery by April 21, 2023. (Dkt. No. 196 at 5.) Defendant's counsel claims he was willing to meet and confer with Plaintiff's counsel. (*Id.* at 8.) Defendant claims it has acted in good faith throughout the discovery process and produced "virtually every document" requested by Plaintiff in requests for production 85, 86, 87, 88 and 91, even before the Court's order. (*Id.* at 7.)

Defendant claims Plaintiff did not inform the Court about Defendant's "repeated willingness" to meet and confer. (*Id.* at 8.) Defendant's counsel also re-asserts his position that his statement concerning his "general unavailability" only referred to his unavailability during the first two weeks of April 2023. (*Id.*)

Defendant also asks the Court to clarify whether its order requiring Defendant to produce discovery in response to Plaintiff's requests for production requires the production of documents covered by attorney-client privilege and/or the attorney work product doctrine. (*Id.* at 8–9.)

2. <u>Motion to Compel Production of NPI Calendars</u>

Defendant asks the Court to reconsider its order denying Defendant's Motion to Compel Production of NPI Calendars. (*Id.* at 9–11.) Defendant claims new evidence, not available when Defendant filed its motion, reveals that searching for calendar entries would take no more than five minutes. (*Id.* at 10.) Defendant claims Plaintiff's director of sales and business development stated this in a deposition and also stated he saw a calendar entry when preparing for his deposition. (*Id.*) Defendant further asserts the production of Plaintiff's calendars "would settle the issue and prove that the meeting took place" and would permit Defendant to impeach Plaintiff's witnesses. (*Id.* at 10.)

**B. Analysis**

1. <u>Motion for Sanctions and to Compel Discovery</u>

The Court accepts the statement of Defendant's counsel concerning his understanding of the deadline for responding to the Second Set of Interrogatories and Third Set of Requests for Production. This is supported by a declaration from co-counsel stating that Defendant's counsel's understood the deadline for all outstanding discovery, including the new and

updated/supplemental requests for production, to be April 21, 2023. (Dkt. No. 198.) Co-counsel asserts this was the understanding of Defendant's counsel following a meet and confer session on March 13, 2023. (*Id.*)

However, on March 13, Plaintiff's counsel emailed Defendant's counsel to memorialize the parties' agreement to exchange supplemental interrogatory responses, and to update any other discovery responses wherein a party's response might no longer be accurate, by April 21, 2023. (Dkt. No. 131-4 at 2.) Plaintiff identified prior responses to specific interrogatories that it was requesting be supplemented by April 21. (*Id.*) As the Court noted in its order, this email makes no mention of the Second Set of Interrogatories and Third Set of Requests for Production. (*Id.*) The federal civil rules required Defendant to serve its answers and any objections within 30 days after being served with interrogatories or requests for production. Fed. R. Civ. P. 33(b)(2); 34(b)(2). In this case, Defendant was therefore required to respond no later than March 30, 2023.

As the Court previously found, to the extent there was a difference between the understanding of Defendant's counsel concerning the deadline for responding to these requests and the agreement of the parties as set forth in the email, Defendant's counsel should have sought clarification.

Defendant's counsel claims Plaintiff did not fully inform the Court of his "repeated willingness" to meet and confer. The Court has already considered Defendant's response to Plaintiff's motion, in which Defendant argued it was available for any appropriate meet and confer. (Dkt. No. 136 at 5.) To the extent Defendant's counsel seeks to present new evidence concerning its previous willingness to meet and confer, the Court will not consider such evidence on reconsideration. Evidence available to a party before it files its opposition is not "newly

discovered evidence" for purposes of a motion for reconsideration. *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

With respect to Defendant's request for clarification, following the Court's order, Defendant claims it has produced 2,191 pages of material in response to requests for production 85, 86, 87, 88 and 91. (Dkt. No. 197 at 2–3.) Defendant asserts it has already produced "every document and thing it can find" responsive to Plaintiff's requests for production, except for those documents subject to attorney client privilege and/or the attorney work product doctrine. (Dkt. No. 196 at 8.)

Defendant's motion is unclear concerning which of the remaining documents are subject to attorney client privilege and/or work product. Based on the information available to the Court, Plaintiff considers Defendant's responses to its requests for production to be deficient, and intends to file an additional discovery motion. (Dkt. No. 197-2 at 3–4.)

The Court cannot determine, at this stage, whether the documents referenced in Defendant's motion are in fact subject to attorney client privilege and/or the attorney work product doctrine. Nor can the Court determine whether privilege has been properly asserted or waived in the absence of a privilege log. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege.").

### 2. Motion to Compel Production of NPI's Calendars

With respect to its contention that searching for Plaintiff's calendar entries would take no more than five minutes, Defendant has submitted a declaration stating the information supporting

this conclusion is contained in a confidential deposition not presently before the Court. (Dkt. No. 197 at 3–4.)

Even if the deposition transcript is consistent with Defendant's description, it would not disturb the Court's finding that the calendars would not help resolve any issues in this case. As the Court previously found, both parties conceded the discovery conducted to date concerning this matter was sufficient to resolve questions concerning the 2014 meeting, even if the parties have different positions concerning what inferences are supported by the evidence. While Defendant disagrees with this finding, the Court does not find that it manifestly erred. *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (A district court properly denies a motion for reconsideration that simply reiterates an argument previously presented.)

### IV.    ORDER

Defendant's motion for reconsideration (Dkt. No. 196) is DENIED.

Dated this 26th day of December, 2023.

David G. Estudillo
United States District Judge