UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS INC,<br><br>  Plaintiff,<br>v.<br><br>INNOVATIVE INTELLIGENT<br>PRODUCTS LLC d/b/a GPS LOCKBOX,<br><br>  Defendant. | CASE NO. 2:20-cv-00428-DGE<br><br>ORDER ON MOTIONS (DKT. NOS. 210, 211, 213, 215, 227) |

Presently before the Court are nine motions filed by the parties.  (Dkt. Nos. 205, 206, 207, 210, 211, 213, 214, 215, 227.)  This order will address five of those motions.  (Dkt. Nos. 210, 211, 213, 215, 227.)

**I.  Defendant's Motions for Summary Judgment Due to NPI Filing False Inventor Oaths (Dkt. No. 211) and Partial Summary Judgment Regarding Priority Dates for Certain Claim Terms (Dkt. No. 215)**

The deadline to file dispositive motions in this case was December 22, 2023.  (Dkt. No. 203.)  On December 22, 2023, Defendant filed two motions for summary judgment.  (Dkt. Nos. 211, 215.)  "Absent leave of the court, a party must not file contemporaneous dispositive

ORDER ON MOTIONS (DKT. NOS. 210, 211, 213, 215, 227) - 1

motions, each one directed toward a discrete issue or claim." Local Civil Rule 7(e)(3). Defendant did not seek leave from the Court before filing two dispositive motions. Defendant nevertheless asks the Court to consider the summary judgment motions, but offers no argument for why it should be exempt from the local rules. (Dkt. No. 245 at 1.)

Plaintiff also notes that Defendant's summary judgment motions do not contain a word count certification and together contain 12,841 words, exceeding the 8,400-word limit set forth in Rule 7(e)(3) by over 4,400 words. (Dkt. Nos. 232 at 2; 233 at 2.) Plaintiff asks the Court to strike Defendant's motions in their entirety, or at a minimum, to strike everything after page nine of Defendant's partial motion for summary judgment (Dkt. No. 215), which is where Defendant's summary judgment briefing exceeds the word limit. *See* Local Civil Rule 7(e)(6) ("The court may refuse to consider any text, including footnotes, which is not included within the word or page limits.").

Defendant's motions for summary judgment (Dkt. Nos. 211, 215) are STRICKEN for failure to comply with the local civil rules. Defendant shall have the opportunity to file ONE dispositive motion no later than June 3, 2024. If Defendant elects to file a new dispositive motion, the motion shall comply, in all respects, with the local civil rules and shall only address claims contained in the operative pleadings. Failure to comply with the rules may result in the imposition of sanctions against Defendant.

**II.     Defendant's Motion to File Fifth Amended Answer and Counterclaims (Dkt. No. 210)**

Defendant seeks leave to amend its answer to add new defenses and counterclaims based on Defendant's new allegations concerning Plaintiff's alleged inequitable conduct with respect to inventor oaths. (Dkt. No. 210 at 5–6.) Plaintiff contends that in seeking to amend its answer,

Defendant has not shown the diligence required by Rule 16's good cause standard.  (Dkt. No. 232 at 3.)

Plaintiff argues that granting Defendant leave to amend its complaint would require the Court to modify its scheduling order to accommodate additional discovery and another round of summary judgment briefing.  (*Id.* at 10.)  Plaintiff argues granting Defendant leave to amend would require the Court to modify the fact discovery and summary judgment briefing deadlines to allow Defendant to state its factual and legal bases for its new inequitable conduct claim so Plaintiff can adequately defend against Defendant's new claim and move for summary judgment.  (*Id.* at 11.)  Plaintiff asserts that it must be allowed to explore and understand all the bases of Defendant's new claim before Plaintiff can properly move for summary judgment or present its defenses at trial.  (*Id.*)

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendant argues it first discovered evidence of the alleged inequitable conduct during a deposition of National Products' CEO Jeffrey Carnevali conducted on August 2, 2023.  (Dkt. No. 210 at 5–7.)  Defendant filed its motion for leave to amend its answer on December 22, 2023.  (Dkt. No. 210.)  The discovery deadline in this case was August 15, 2023, while the deadline for dispositive motions was December 22, 2023.  (Dkt. Nos. 184, 203.)

Plaintiff contends Defendant possessed the facts necessary to make its new inequitable conduct claim in August, but demonstrated a lack of diligence by failing to inform Plaintiff or the Court that it intended to seek leave to add an inequitable conduct claim before the discovery

deadline passed.  (Dkt. No. 232 at 12.)  Plaintiff further argues Defendant waited until the deadline for dispositive motions passed to request leave to amend its answer while moving for summary judgment on the same claim.  (*Id.*)  Defendant contends Plaintiff has not identified any specific evidence it needs to respond to Defendant's new inequitable conduct claim.  (Dkt. No. 245 at 3, 7.)

To demonstrate good cause under Rule 16(b), a movant must show that it was "diligent in assisting the Court in creating a workable Scheduling Order, diligent in complying with the Scheduling Order, and diligent in seeking amendment of the Scheduling Order." *Jones v. Cnty. Of Tulare, Cal.*, Case No. 17–cv–1260–SKO, 2018 WL 6271577, at *4 (E.D. Cal. Nov. 30, 2018).

While Defendant has not moved to modify the scheduling order, the Court agrees with Plaintiff that permitting Defendant to amend its answer at this stage to include new claims would require revising the Court's scheduling order to allow for additional discovery and new dispositive motions.  Defendant was aware of this, and Defendant's motion to amend its answer is in effect a motion for the Court to modify its scheduling order.  But a "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quotations omitted).  "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id*.

Defendant did not inform Plaintiff[1] or the Court that it would seek to amend its answer and has not demonstrated good cause for the Court to amend its scheduling order.  "If a party

---

[1] Defendant asserts it informed Plaintiff of its new claim in October 2023.  (Dkt. No. 245 at 7.)  However, Defendant has not submitted a declaration from Jack Dovey, the individual who allegedly conveyed this information to Plaintiff, or any other evidence to support this contention.

anticipates an amendment to the pleadings, it is obliged to alert the court to the nature of the possible amendment and its probable timing so that the court may structure the schedule of other tasks in the context of the whole litigation." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, Case No. 2:12–cv–02182–KJM, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015).

Defendant has not acted diligently in seeking to amend its answer. Defendant knew of the facts underlying its new inequitable conduct claim in August, but did not file a motion to amend its pleading until December 22, 2023. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087–1088 (9th Cir. 2002) (a four month delay in moving to modify a scheduling order demonstrated a lack of diligence and was too long to establish good cause under Rule 16(b)). Defendant did not alert the Court before filing the motion to amend and has offered no explanation for this delay. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (central to the required showing of diligence under Rule 16 is whether the movant discharged its obligation to collaborate with the district court in managing the case); *Lennar Mare Island*, 2015 WL 4910468, at *4 ("Delayed motions presented without satisfactory explanation are regularly denied.").

Granting Defendant's motion to amend would require issuing a new scheduling order and would further delay resolution of this case, which has been pending before the Court for more than four years. When denying Defendant's previous motion for leave to amend its answer more than two years ago, the Court cautioned Defendant that it would "look unfavorably upon future motions to amend . . . if they are based upon facts or legal theories known to the parties long before the motion was filed." (Dkt. No. 88 at 10.) Defendant clearly did not heed the Court's admonition.

Accordingly, the Court finds Defendant has not shown diligence in seeking to amend, and the motion (Dkt. No. 210) is DENIED.

"If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087. However, even if the Court considered Defendant's motion under Rule 15(a), the Court would still deny Defendant's motion.

Federal Rule of Civil Procedure 15(a)(2) provides the Court should "freely give leave [to amend] when justice so requires." When assessing whether to grant a party leave to amend, the Court must consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). For the reasons discussed above, the factors of previous amendment, undue delay and prejudice to the opposing party weigh strongly against permitting Defendant to amend its answer at this stage of the litigation.[2]

Finally, the Court notes that even if Defendant's motion had merit, the Court would be required to strike it from the docket for failure to comply with the local civil rules. Defendant's motion to amend fails to include a word count certification as required by Local Rule 7(e)(6) and appears to exceed Local Rule 7(e)(2)'s 4,200 word limit. *GS Holistic, LLC v. Ranya & Dania LLC*, Case No. 2:23–cv–5180–JLR, 2023 WL 2787169, at n.1 (W.D. Wash. Apr. 5, 2023) (failure to include word count certification "may result in the noncompliant motion or brief being stricken from the docket.").

---

[2] Plaintiff also presents a colorable argument that, given its timing, Defendant's motion was filed in bad faith. (Dkt. No. 232 at 14–15.)

Defendant also failed to a submit a redlined version of its proposed amended answer, in violation of the local rules.[3]  *See* Local Civil Rule 15(a) ("The party [seeking leave to amend] must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added.").  Defendant's proposed amended answer also includes an unfair competition CPA counterclaim (Dkt. No. 210-2 at 87–89) previously dismissed twice (Dkt. Nos. 76 at 14–15; 87 at 4–8) by this Court.

### III.  Defendant's Motion to Seal Expert Witness Reports and Drew E. Voth Deposition (Dkt. No. 213)

Defendant seeks leave to seal these reports because they contain confidential financial information which was obtained under a protective order.  (Dkt. No. 213 at 1.)  Defendant contends the parties conferred about this motion in December 2023.  (*Id.* at 2.)

Plaintiff does not oppose Defendant's motion, but asserts Defendant refused to confer regarding this motion, in violation of the protective order and the local rules, and then submitted a false certification to the contrary.  (Dkt. No. 225 at 1–2.)  Plaintiff contends Defendant violated the protective order by filing highly confidential financial information publicly on the docket, requiring Defendant to contact Court personnel to remove the filing and a substitute brief to be filed.  (*Id.* at 2.)  Plaintiff suggests Defendant's conduct merits sanctions, but has not made a motion to that effect.  (*Id.*)

Defendant's motion (Dkt. No. 213) is GRANTED.  The Court reminds Defendant that it has previously been sanctioned for failing to meet and confer as required by the local rules.  (Dkt. No. 189.)  The Court may do so again if Defendant continues to violate the rules.

---

[3] Defendant contends it did submit a redlined version of its proposed amended answer, but that it was "lost" when the document was converted to PDF format.  (Dkt. No. 245 at 2.)

**IV.  Plaintiff's Unopposed Motion to Seal Documents Related to Response to Defendant's Motion to Exclude Testimony of Drew E. Voth (Dkt. No. 227)**

Plaintiff's motion seeks to seal a copy of an agreement designated both by Plaintiff and by a third party as containing confidential and competitively sensitive financial information. (Dkt. No. 227 at 2.)  The parties conferred regarding the motion, and Defendant does not oppose it.  (*Id.*)  Accordingly, Plaintiff's motion to seal is GRANTED.

**V.  ORDER**

1) Defendant's motions for summary judgment (Dkt. Nos. 211, 215) are STRICKEN for failure to comply with the local civil rules.  Defendant shall have the opportunity to file ONE dispositive motion no later than **June 3, 2024**.

2) Defendant's motion to amend its answer (Dkt. No. 210) is DENIED.

3) The parties' motions to seal (Dkt. Nos. 213, 227) are GRANTED.

Dated this 23rd day of May, 2024.



David G. Estudillo
United States District Judge