UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATIONAL PRODUCTS INC, | CASE NO. 2:20-cv-00428-DGE |
| Plaintiff, | ORDER ON MOTION FOR LEAVE TO SEEK SANCTIONS (DKT. NO. 303) |
| v. | |
| INNOVATIVE INTELLIGENT PRODUCTS LLC, | |
| Defendant. | |

**I      INTRODUCTION**

This matter comes before the Court on Plaintiff's motion for leave to seek sanctions against non-parties for litigation misconduct.  (Dkt. No. 303.)  For the foregoing reasons, the motion is GRANTED.

**II      BACKGROUND**

The Court assumes familiarity with the factual and procedural background of this case. In brief, the Court granted Plaintiff's summary judgement motion of infringement as to claim 11 of the '026 patent and claims 10 and 14–16 of the '334 patent on September 17, 2024.  (Dkt. No.

259.) The Parties subsequently stipulated to bifurcate issues and streamline trial. (Dkt. No. 270.) Trial on damages and willfulness as to claim 11 of the '026 patent was set for May 5, 2025. (Dkt. Nos. 262, 270). The Parties proceeded through the pre-trial process, filing motions in limine, proposed voir dire, a joint statement of the case, and proposed jury instructions. (*See* Dkt. Nos. 275, 276, 271, 272, 273, 274.)

On April 2, 2025, the Court was notified that an Order Appointing Receiver of Defendant Innovative Intelligent Products LLC d/b/a GPS Lockbox ("Defendant") had been entered in the King County Superior Court for the state of Washington. (Dkt. Nos. 285, 285-1 at 2.) The notice of receivership informed the Court that Turnford Consulting LLC, dba Turnford Restructuring Group has been appointed Receiver for Defendant and "[t]herefore, pursuant to RCW 7.60.110 this proceeding is stayed as to Innovative Intellectual Products LLC dba GPS Lockbox." (Dkt. No. 285 at 1) (*See* Wash. Rev. Code § 7.60.110) ("[T]he entry of an order appointing a general receiver or a custodial receiver with respect to all of a person's property shall operate as a stay"). However, contrary to Defendant's representations, the Court determined that there was not an automatic a stay of the litigation, as state laws and state courts cannot stay proceedings in federal court. (Dkt. No. 299.) Accordingly, the Court ordered that all pre-trial deadlines remained in place. (*Id.*) On April 15, Defendant notified the Court that "it filed a Chapter 7 bankruptcy petition in the United Stated Bankruptcy Court for the Western District of Washington, Case No. 25-40846." (Dkt. No. 300 at 1.) Accordingly, the Court stayed the litigation. (Dkt. No. 301 at 1) (*See* 11 U.S.C. §362(a)(1)).

On May 3, 2025, Plaintiff filed the instant motion for leave to seek sanctions against non-parties Jack Dovey, Defendant's principal, and Joshua King, Defendant's counsel. (Dkt. No. 303 at 5.) Plaintiff asserts that Dovey and King "marred this proceeding with litigation misconduct"

by asserting inequitable conduct and invalidity defenses based on allegations they knew were untrue and filing frivolous motions and engaging in gamesmanship to delay Defendant's recovery, most notably by filing for bankruptcy on the eve of trial. (*Id.*) Accordingly, Plaintiff "seeks limited relief from the Court-ordered stay, (Dkt. [No.] 301), so that it can file motions for sanctions against each of Dovey and King." (Dkt. No. 303 at 6.) Plaintiff does not request leave to seek any relief from Defendant and does not request that this Court grant it any relief pertaining to the automatic bankruptcy stay that currently protects Defendant. (*Id.*) *See* 11 U.S.C. §362(a)(1). Plaintiff argues that the Court may sanction non-parties even when Defendant is protected by the bankruptcy stay because the stay only protects the debtor and because the Court is able to police litigation misconduct regardless of a bankruptcy stay. (Dkt. No. 303 at 13–14.)

### III    DISCUSSION

**A. The Bankruptcy Stay and the Imposition of Sanctions Against a Non-Party**

As the Ninth Circuit has explained, "[s]ection 362 of the Bankruptcy Code embodies the automatic stay, which immediately applies when a debtor files a bankruptcy petition and is designed to preclude a variety of post-petition actions—both judicial and non-judicial—against the debtor or affecting property of the estate." *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (citing 11 U.S.C. § 362(a)). However, "the automatic stay protects *only* the debtor, property of the debtor or property of the estate"; accordingly, "the automatic stay does not protect the property of parties such as officers of the debtor." *Id*. (emphasis in original); *see also Chugach Forest Prods., Inc. v. Northern Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994) (The stay "does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties

liable on the debts of the debtor") (citations omitted).  For this reason, the Ninth Circuit has allowed litigation to proceed against the individual managers of a company in bankruptcy. *Boucher,* 572 F.3d at 1093.  Accordingly, under binding Ninth Circuit caselaw, there is no colorable argument that Dovey and King are protected from litigation by the automatic stay.

Additionally, under 11 U.S.C. § 362(b)(4)—the "government regulatory exemption"— a proceeding to impose sanctions under Rule 11 is exempt from the automatic stay.  *In re Berg*, 230 F.3d 1165, 1167–1168 (9th Cir. 2000).  In *Berg*, the Ninth Circuit held that "sanctions for attorney misconduct are not subject to the automatic stay," adopting the Seventh Circuit's reasoning that "a litigant should not be allowed to delay the imposition of sanctions indefinitely by the expedient of declaring bankruptcy."  *Id*. at 1186 (quoting *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993)).  As the Seventh Circuit explained, the regulatory exemption exempts from the automatic stay actions brought pursuant to governmental police or regulatory powers.  "The Rule 11 sanction is meted out by a governmental unit, the court, though typically sought by a private individual or organization-a nongovernmental litigant, the opponent of the litigant to be sanctioned."  *Alpern,* 11 F.3d 689 at 690.  As another court explained, "the Court has a strong interest in policing and deterring frivolous and abusive litigation tactics, and sanctions, including sanctions imposed in the Court's inherent power, are a means of enforcement of such interest." *Dial HD, Inc. v. Clearone Commc'ns, Inc*., No. CV 109-100, 2024 WL 2802976, *3 (S.D. Ga. May 31, 2024), *aff'd*, No. 24-11829, 2024 WL 4903934 (11th Cir. Nov. 27, 2024).  Accordingly, a court may apply sanctions for litigation misconduct despite the automatic stay in accordance with the exemption prescribed in 11 U.S.C. § 362(b)(4).

*Berg* and *Alpern* did not limit their reasoning to sanctions against counsel*;* rather, these cases support the proposition that all sanctions for litigation misconduct are exempt from the

automatic stay provision. *See Mogan v. Sacks, Ricketts & Case LLP*, No. 21-CV-08431-TSH, 2022 WL 624442 (N.D. Cal. Mar. 3, 2022) (the automatic stay does not preclude courts from imposing sanctions against a party and/or his attorney)*; Dial,* 2024 WL 2802976, at *3 (same); *Sanders v. Farina*, 197 F. Supp. 3d 892, 898–900 (E.D. Va. 2016), *aff'd*, No. 16-1893, 2016 WL 7338495 (4th Cir. Dec. 19, 2016) (same). Moreover, as the Eleventh Circuit has clarified, "[t]he court need not move *sua sponte* for a sanction—either before or contemporaneous with a party's motion— to preserve the court's distinct interest" in policing litigation misconduct. *United States v. Coulton*, 594 F. App'x 563, 567 (11th Cir. 2014). Accordingly, even if sanctions stem from a motion by one of the parties, the resultant sanctions are within the meaning of § 362(b)(4): "an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power." *Coulton*, 594 F. App'x at 567 (quoting 11 U.S.C. § 362(b)(4)).

Finally, as the Ninth Circuit has affirmed, "a court may impose attorney's fees against a non-party as an exercise of the court's inherent power to impose sanctions to curb abusive litigation practices." *Corder v. Howard Johnson & Co*., 53 F.3d 225, 232 (9th Cir. 1994); *see also In re Rainbow Mag., Inc*., 77 F.3d 278, 282 (9th Cir. 1996).[1] "In addition, a court may impose attorney's fees to sanction a non-party whose actions or omissions cause the parties to incur additional expenses." *Corder*, 53 F.3d at 232. It is not uncommon for a litigant to request—as Plaintiff does here—that the Court use its inherent powers to sanction the principal

---

[1] Inherent in the judicial power defined by Article III, there exist "'[c]ertain implied powers [that] must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court because they are necessary to the exercise of all others.'" *Chambers v. MASCO*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 7 Cranch 32, 34, (1812)) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). The "most prominent" of these inherent powers is the power to sanction bad faith or contemptuous conduct. *Roadway Express*, 447 U.S. at 764; accord *Chambers*, 501 U.S. at 44. Under *Chambers*, such sanctions may include an award of attorney fees.

shareholder or chief executive offer of a corporate defendant. *See, e.g., Helmac Prods. Corp. v. Roth (Plastics) Corp.*, 150 F.R.D. 563 (E.D. Mich. 1993) (court had inherent power to sanction principal officer for ordering the destruction of documents during discovery). As one court put it: "A court may sanction a non-party corporate officer who acts improperly on behalf of a corporate defendant." *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, No. CV 08-202 RB/WPL, 2011 WL 4549279, *4 (D.N.M. Sept. 29, 2011), aff'd sub nom. *Anchondo v. Dunn*, 511 F. App'x 736 (10th Cir. 2013). Of course, a court's inherent authority is not absolute, and in the case of non-parties, courts have considered various tests to determine whether it is appropriate to sanction a non-party. *See In re White*, No. 2:07CV342, 2013 WL 5295652 (E.D. Va. Sept. 13, 2013) (collecting caselaw). Many courts have coalesced around a two-part test initially advanced in *Helmac*: "'to be subject to the Court's inherent power to sanction, a non-party not subject to court order must (1) have a substantial interest in the outcome of the litigation; and, (2) substantially participate in the proceedings in which he interfered.'" *Env't World Watch, Inc. v. Walt Disney Co.*, No. CV094045DMGPLAX, 2016 WL 11756799, *3 (C.D. Cal. May 11, 2016) (quoting *Helmac*, 150 F.R.D. at 568). Many courts have found that sanctions are appropriate as against a chief executive under this test, as principal officers typically have substantial interest in the outcome of the underlaying litigation and participated substantially in the proceedings. *See, e.g., Helmac*, 150 F.R.D. at 569, *Anchondo,* 2011 WL 4549279, *6.

    **B.  Analysis**

As the caselaw law discussed *supra* indicates, the Court holds the power to entertain a motion for sanctions against non-parties Dovey and King notwithstanding the bankruptcy stay in force as to Defendant. As Plaintiff has not yet moved for sanctions—but rather a request that the

stay be lifted so that it may do so—the Court need not consider the underlaying merits of the request or apply the *Helmac* test as to the propriety of sanctioning Dovey. In this way, Defendant's argument that Plaintiff's motion "must be denied because it is factually inaccurate" misses the mark. (Dkt. No. 306 at 4.) The Court will consider Dovey and King's alleged misconduct at the proper procedural juncture—after a motion for sanctions has been filed.

## IV    CONCLUSION

Plaintiff's motion (Dkt. No. 303) is GRANTED. The Court hereby lifts the previously ordered stay of this case solely for the limited purpose of allowing NPI to pursue sanctions against Jack Dovey and Joshua King. Within thirty days of this order, Plaintiff may file a single brief noted under Local Civil Rule 7(d)(4) and that complies with Local Civil Rule 7(e)(3)'s word count limitation addressing its request as to both Dovey and King.

Dated this 14th day of July, 2025.

David G. Estudillo
United States District Judge